United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-20545
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JESUS ROBERTO FLORES-GUZMAN,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-439-ALL
-----------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:*

Jesus Roberto Flores-Guzman (Flores-Guzman) appeals his guilty-plea conviction and sentence

for illegal reentry following deportation in violation of 8 U.S.C. § 1326.

-----

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Flores-Guzman contends that the "felony" and "aggravated felony" provisions of 8 U.S.C.

§ 1326(b) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He also contends that <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), applies in determining his sentence. Flores-Guzman acknowledges that his arguments are foreclosed, but he seeks to preserve the issues for possible Supreme Court review.

As Flores-Guzman concedes, his arguments are foreclosed. <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 247 (1998).

Also for the first time on appeal, Flores-Guzman contends that the district court plainly erred in prohibiting him from "drinking or using any addictive substances" as a special condition of his supervised release. Because the special condition is not reasonably related to the nature of the offense or Flores-Guzman's characteristics and involves a greater deprivation of liberty than is reasonably necessary to deter criminal conduct, protect the public, and provide Flores-Guzman with necessary treatment, we agree that the district court plainly erred in prohibiting Flores-Guzman from "drinking or using any addictive substances" during his supervised release. <u>See</u> <u>United States v. Ferguson</u>, 369 F.3d 847, 853-54 (5th Cir. 2004). Accordingly, we VACATE the sentence in part and REMAND for the district court to modify the special conditions of Flores-Guzman's supervised release in a manner consistent with this opinion.

AFFIRMED IN PART. VACATED AND REMANDED IN PART.