**REVISED June 10, 2015**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60214

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OUSAINOU MAHANERA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CR-67-1

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:*

Defendant-appellant Ousainou Mahanera ("Mahanera") appeals the district court's imposition of two special conditions for his supervised release. The first challenged condition, Special Condition No. 4, requires him to "participate in a program of testing and/or treatment for alcohol and/or drug

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60214

abuse as directed by the probation office." The second, Special Condition No. 5, provides that he "shall not possess, ingest or otherwise use a synthetic cannabinoid or other synthetic narcotic unless prescribed by a licensed medical practitioner." Because the district court did not explain how these conditions reasonably relate to statutory factors, we conclude that it plainly erred in imposing these conditions. Accordingly, we VACATE Special Conditions Nos. 4 and 5 and REMAND for the district court to reconsider whether to impose them.

## FACTS AND PROCEEDINGS

Mahanera pleaded guilty to one count of trafficking in and attempting to traffic in counterfeit goods. His Presentence Investigation Report ("PSR") describes the underlying offense. Specifically, during a traffic stop, he was found with 105 counterfeit items. Numerous other counterfeit items were later seized from a store that Mahanera apparently owned and managed. He continued to communicate with his fiancée about the management of the shop while he was in jail, and he lied about the state of his finances to the probation officer who wrote his PSR.

Mahanera told the probation officer that he did not drink alcohol or have any history of illegal drug use. There is no evidence that he lied about this fact, and the district court did not make a finding about its veracity. Moreover, his PSR does not list any prior convictions or arrests for alcohol- or drug-related offenses.[1] The PSR noted that the Sentencing Guidelines recommended a term of supervised release of one to three years. But the PSR did not recommend any special conditions for supervised release. Mahanera

---

[1] Mahanera's sole prior conviction was a Louisiana state conviction for disturbing the peace, but the PSR contains no further details about the nature of that offense.

2

No. 14-60214

objected to some portions of the PSR, but not the portion related to supervised release.

At Mahanera's sentencing, his counsel announced that he and the government had come to an agreement as to his objections. The district court adopted the terms of the agreement. Ultimately, it sentenced him to 40 months of imprisonment and three years of supervised release, and this prison term was not appealed.

The district court did not discuss Mahanera's history of alcohol and drug use. But it announced a number of special conditions of supervised release, including the ones at issue here. In particular, the district court stated that Mahanera "shall participate in a program of testing and/or treatment for alcohol and/or drug abuse as directed by the probation office" (Special Condition No. 4) and that he "shall not possess, ingest or otherwise use a synthetic cannabinoid or other synthetic narcotic unless prescribed by a licensed medical practitioner" (Special Condition No. 5). The district court did not explain its rationale for including these special conditions, and Mahanera's counsel did not object to them.

## STANDARD OF REVIEW

Because Mahanera did not object to the imposition of the special conditions, we review them for plain error. *United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009). Mahanera can obtain relief under plain error review only if: (1) there was an error; (2) that error was "clear or obvious, rather than subject to reasonable dispute"; (3) the error "affected the appellant's substantial rights, which in the ordinary case means . . . it affected the outcome of the district court proceedings"; and (4) we choose to exercise our discretion to correct the error because "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

3

No. 14-60214

**DISCUSSION**

A district court's ability to impose special conditions of supervised release is broad, but it is limited by statute. *See United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). First, the conditions must be "reasonably related to" (i) the "nature and circumstances of the offense and the history and characteristics of the defendant," (ii) the "need for the sentence imposed to afford adequate deterrence to criminal conduct," (iii) the "need for the sentence imposed to protect the public from further crimes of the defendant", or (iv) the "need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3583(d)(1); *id.* § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D); *see also Salazar*, 743 F.3d at 451 (providing that a condition only has to be reasonably related to one of the factors, not all four). Second, the conditions must "involve[ ] no greater deprivation of liberty than is reasonably necessary for the purposes" of factors (ii) through (iv) (i.e., deterrence, protection of the public, and rehabilitation). 18 U.S.C. § 3583(d)(2). Third, the conditions must be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.* § 3583(d)(3).

We have held that a district court "abused its discretion by not explaining how [a special condition] is reasonably related to the statutory factors."[2] *Salazar*, 743 F.3d at 451. Here, the district court similarly abused its discretion by imposing Special Conditions Nos. 4 and 5 without explaining

---

[2] Both a statute and case law require a district court to explain why it is imposing a special condition. The statute provides that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Moreover, "courts of appeals have consistently required district courts to set forth factual findings to justify special probation conditions." *Salazar*, 743 F.3d at 451 (internal quotation marks omitted).

4

how they reasonably relate to the statutory factors. This error is clear and obvious, given our (albeit recent) explicit holding on this point. *See id.*

The next question is whether this plain error affected Mahanera's substantial rights. We conclude that it did because no evidence in the record supports the imposition of the challenged special conditions. Again, the record reveals no evidence that Mahanera has or had a drug or alcohol problem, and his offense did not involve drug or alcohol use. Thus, Special Conditions Nos. 4 and 5 do not "reasonably relate to" the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3583(d); *id.* § 3553(a)(1). For the same reason, these special conditions do not "reasonably relate to" the need to protect society from Mahanera, the need to deter him from committing further crimes, or his rehabilitative needs. *Id.* § 3583(d); *id.* § 3553(a)(2)(B), (a)(2)(C), (a)(2)(D). After all, there is no indication that his crime was driven by the use of addictive substances, that he is likely to commit crimes due to the use of addictive substances in the future, or that he needs help to avoid drugs or alcohol.[3] *See Salazar*, 743 F.3d at 452–53.

The government does not argue that the challenged special conditions reasonably relate to the statutory conditions. Instead, it argues that Special Conditions Nos. 4 and 5 should be upheld because Mahanera is not challenging conditions that require him to subject himself to testing for controlled substances and to refrain from possessing, using, purchasing, distributing, or

---

[3] The government argues that Special Condition No. 4, providing for drug and alcohol testing and treatment, is meant to help Mahanera if any of his mandatory drug tests come back positive. It would be hard to fault such a condition, given that it would be linked to Mahanera's developing rehabilitative needs. But the condition does not actually say that he will only be required to submit to counseling if he tests positive for controlled substances. Thus, given the lack of any present proof that Mahanera will need counseling, Special Condition No. 4 is not reasonably related to his rehabilitative needs.

administering controlled substances. According to the government, Special Condition No. 4, requiring drug and/or alcohol treatment, is essentially a corollary of these standard conditions. It also argues that Special Condition No. 5, prohibiting the use of synthetic marijuana and synthetic narcotics, is essentially just an extension of the condition prohibiting the possession or use of controlled substances. We disagree. Special Conditions Nos. 4 and 5 impose requirements that are distinct from the unchallenged standard conditions. The district court was required to observe the statutory limitations for imposing Special Conditions Nos. 4 and 5, regardless of whether these special conditions were similar to conditions that Mahanera does not challenge.[4]

Thus, the imposition of Special Conditions Nos. 4 and 5 affected Mahanera's substantial rights by affecting the outcome of the district court proceedings by allowing the judgment to contain unwarranted special conditions. *See Weatherton*, 567 F.3d at 152.[5] The final question is whether we will exercise our discretion to correct this error. We choose to do so. "[W]hether a sentencing error seriously affects the fairness, integrity, or public reputation of judicial proceedings is dependent upon the degree of the error and the particular facts of the case." *United States v. John*, 597 F.3d 263, 288 (5th Cir. 2010). *Salazar* makes quite clear that a district court must explain how a special condition is related to the statutory factors, and the district court here made no attempt to justify its imposition of Special Conditions Nos. 4 and

---

[4] Moreover, the conditions prohibiting the use and possession of controlled substances and requiring controlled-substance testing are mandated for all defendants by statute, which distinguishes those conditions from Special Conditions Nos. 4 and 5. *See* 18 U.S.C. § 3583(d).

[5] We note that, to the extent that synthetic marijuana and synthetic narcotics are controlled substances, they are prohibited by the standard condition of supervised release that Mahanera cannot "purchase, possess, use, distribute, or administer any controlled substance . . . , except as prescribed by a physician." Because the district court imposed both conditions, it obviously assumed that some kinds of synthetic marijuana and narcotics are not controlled substances. The government seemingly also assumes this.

5 under the statutory factors. In addition, we note that under the Guidelines, Mahanera had zero criminal-history points; prior to his counterfeit-goods trafficking conviction, Mahanera had only one 2009 state conviction for disturbing the peace. Further, on plain error review, we vacated a similar supervised release condition that prohibited "drinking or using any addictive substances" because the condition did not comply with the statutory requirements for imposing special conditions. *United States v. Flores-Guzman*, 121 F. App'x 557, 558 (5th Cir. 2005) (per curiam) (unpublished). Accordingly, in light of the degree of the district court's error and Mahanera's lack of substantial criminal history, we exercise our independent discretion in the same way as did the panel in *Flores-Guzman* by correcting the error here.

## CONCLUSION

Accordingly, we VACATE Special Conditions Nos. 4 and 5. We REMAND for further consideration in light of this opinion. Any resentencing should be limited to reconsidering whether to impose Special Conditions Nos. 4 and 5 in light of any facts not already contained in the record.