PER CURIAM:
The dispute in this case arises from the district court’s decision on remand to reimpose a special condition of supervised release on the Defendant-Appellant Ramos-Gonzales. Ramos-Gonzales pleaded *729 guilty to transporting an undocumented alien into the United States. At sentencing, the district court imposed two special conditions of supervised release—a nighttime restriction and drug surveillance. Ramos-Gonzales appealed those conditions to this court, and this court remanded for resen-tencing on the grounds that the district court committed plain error in failing to explain the basis for the special conditions. At the subsequent sentencing hearing, the district court re-imposed the drug surveillance condition based on Ramos-Gonzales’s 2012 conviction for marijuana possession. Ramos-Gonzales now appeals the district court’s second judgment. We vacate the drug surveillance special condition and affirm the sentence as modified.
I. Background
On October 4, 2015, Laura Ramos-Gonzales was arrested during her attempt to transport undocumented individuals into the United States under the rear seat of her vehicle in violation of 8 U.S.C. §§ 1324(a) (1) (A) (ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(ii). On October 28, 2015, a Federal Grand Jury indicted Ramos-Gonzales on two counts of transporting an undocumented alien. On November 12, 2015, Ramos-Gonzales pleaded guilty to the first count pursuant to a written plea agreement. Following the plea, a presen-tence investigation report (PSR) was prepared, which recommended a Guidelines sentencing range of 8 to 14 months and a 3-year term of supervised release. Ramos-Gonzales did not object to these calculations. The subsequent sentencing proceedings, which represent the principal focus of this appeal, are divided into two stages, divided by an appeal and order issued by this court.

First Sentencing

On January 26, 2016, the district court adopted the PSR as the findings of the court and sentenced Ramos-Gonzales to 12 months in prison, followed by 3 years of supervised release and accompanied by a $100 Special Assessment. The district court imposed the “[s]tandard terms and conditions of supervision,” and, importantly, imposed a “nighttime restriction of 12 midnight to 6:00 a.m. and drug surveillance.” [1] Ramos-Gonzales registered no objection to these additional conditions of supervised release at the sentencing hearing.

First Appeal

Ramos-Gonzales appealed despite previously failing to register an objection, arguing that the district court committed reversible plain error by imposing the drug surveillance and nighttime restriction conditions of supervised release. See Brief of Appellant, United States v. Ramos-Gonzales, No. 16-40146, 2016 WL 3770852, at *8-14 (July 7, 2016). In particular, she argued that the district court had failed to explain its reasons, and the record itself did not furnish independent evidentiary support for the restrictions. Id. at *9-10. With respect to the drug surveillance condition, Ramos-Gonzales argued that “there [was] absolutely no evidence that [she] currently uses illegal drugs,” and pointed out that the PSR indicated that she first smoked marijuana at 14 years of age and had not engaged in such activity in 25 years. Id. at *9. She also pointed out that the offense charged against her had nothing to do with drug use, nor did any of her prior offenses. Id.
*730 The Government moved to remand the case for reconsideration of the special conditions, agreeing with Ramos-Gonzales that “the district court committed] reversible error by failing to explain the reasons for imposing special conditions of supervised release where the record is silent in support of the special conditions.” The Government also agreed that the record “[did] not indicate how the supervised release special conditions of nighttime restriction and drug surveillance [were] related to the underlying offense of alien transporting or to the relevant statutory considerations under 18 U.S.C. § 3553(a).” Id. at 3. In particular, the Government stated that “[although Ramos has a 2012 conviction for possession of 44 pounds of marijuana and last smoked marijuana 25 years ago, no indication in the record exists that she has an illicit drug problem to warrant drug surveillance requiring periodic urine and/or breath, saliva, and skin tests to detect drug abuse.” Id.
We conducted an independent review of the case, and exercised our discretion to grant plain error relief, summarily remanding the case to the district court for resentencing. Order, United States v. Laura Ramos-Gonzales, No. 16-40146, at 2 (5th Cir. Aug. 17, 2016).

Resentencing

The district court conducted a resen-tencing hearing on September 27, 2016, at which time it reconsidered the special conditions. The district court vacated the nighttime restriction, because Ramos-Gonzales would be living with her children and because there was no evidence that the offense in question occurred at nighttime. The district court decided to maintain the drug surveillance condition, however. Ramos-Gonzales objected on the basis that she “didn’t feel ... the drug restrictions [applied to her] because [she had not] used drugs for many years.” The district court replied: “Well you have a drug conviction. So that’s going to stay and that’s the way that goes.”[2] Counsel for Ramos-Gonzales spoke -to preserve her objection to the drug surveillance condition “as an invasion of privacy and a financial burden.” A colloquy on those topics ensued. The district court concluded the discussion by asking: “Are you denying her drug conviction?” Counsel responded: “Not the conviction, your Honor. Just based on what’s in the PSR is that her drug use is very old in time.” The district court re-imposed the drug surveillance condition and concluded the hearing. Ramos-Gonzales filed this appeal.
II. Standard of Review
Where a defendant objects to special conditions of supervised release we review the district court’s imposition of those conditions for abuse of discretion. See United States v. Miller, 665 F.3d 114, 134 (5th Cir. 2011).
III. Discussion
A.
On appeal, Ramos-Gonzales argues that re-imposition of the drug surveillance condition was improper because the condition is not reasonably related to the relevant statutory factors that govern the imposition of conditions of supervised release,[3] and because the condition is not *731 consistent with the Sentencing Commission’s pertinent policy statements. See United States v. Salazar, 743 F.3d 445, 451 (5th Cir. 2014) (noting that a district court’s ability to impose special conditions of supervised release is limited by statute). In particular, Ramos-Gonzales points out that her prior conviction did not involve personal drug use, so there is no evidence to justify the surveillance condition.
The Government responds that imposition of the drug surveillance condition based on the previous drug conviction addressed the sentencing factors of Ramos- ' Gonzales’s “history and characteristics” as well as “protecting the public and adequately deterring the defendant from committing future criminal conduct.” 18 U.S.C. § 3553(a). The Government also points out that notwithstanding Ramos-Gonzales’s objection to the special drug surveillance condition, she did not object to the standard condition requiring periodic drug testing.
While district courts possess significant discretion in imposing conditions of supervised release, that discretion is nonetheless limited by 18 U.S.C. § 3583(d), which distinguishes between mandatory and special conditions of supervised release, and permits the court to impose -special conditions only in certain circumstances. See United States v. Paul, 274 F.3d 155, 164-65 (5th Cir. 2001). In particular, the special conditions must be “reasonably related” to one of four factors: (1) “the nature and circumstances of the offense and the history and characteristics of the defendant”; (2) “the need ... to afford adequate deterrence to criminal conduct”; (3) “the need ... to protect the public from further crimes of the defendant”; and (4) “the need ... to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.” See 18 U.S.C. §§ 3583(d)(1), 3553(a)(1) and (2)(B)-(D); Paul, 274 F.3d at 165; United States v. Weatherton, 567 F.3d 149, 153 (5th Cir. 2009). Moreover, “the conditions may not impose a ‘greater deprivation of liberty than is reasonably necessary for the purposes set forth in’ § 3553(a).” United States v. Ellis, 720 F.3d 220, 225 (5th Cir. 2013) (quoting 18 U.S.C. § 3583(d)(2)). Lastly, special conditions must be consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(3).
B.
We agree with Ramos-Gonzales that, on the facts of this case, any reasonable relationship between the drug surveillance special condition and the 2012 drug-related conviction would require evidence that Ramos-Gonzales actually used drugs. We view the more general connection between Ramos-Gonzales’s prior conviction and the special condition imposed—that is, the fact that both have something to do with drugs—as too superficial to justify imposition of the special condition.
Although the Government now attempts to defend the position that the drug surveillance condition is reasonably related to the history and characteristics of Ramos-Gonzales and the nature and circumstances of her prior conviction, this contention contradicts its concession at the first appeal that “[ajlthough Ramos has a 2012 conviction for possession of 44 pounds of marijuana and last smoked marijuana 25 years ago, no indication in the record ex *732 ists that she has an illicit drug problem to warrant drug surveillance requiring periodic urine and/or breath, saliva, and skin tests to detect drug abuse.” The description of her history and characteristics and the nature of her prior offense have not changed between appeals. The only variation in the record on second appeal is the district court’s statement that the previous conviction was thé basis upon which the special condition was imposed. There is no record evidence that Ramos-Gonzales engages in personal drug use, and so we cannot contemplate any criminal conduct that a surveillance-related special condition would detect or deter. See United States v. Mahanera, 611 Fed.Appx. 201, 204 (5th Cir. 2015) (noting that where “the record reveals no evidence that [the defendant] has or had a drug or alcohol problem, and his offense did not involve drug or alcohol use,” a special condition involving drug testing did not reasonably relate to the history and characteristics of the defendant, to the nature of his offense, or to any need to deter him from future addiction-driven crimes).[4]
In sum, where there is no relevant evidence of drug use, the essential charac-teristie of a defendant that makes surveillance for drug use reasonable and appropriate is absent.[5] Accordingly, we conclude that the district court abused its discretion in imposing the special drug surveillance condition on Ramos-Gonzales. See Miller, 665 F.3d at 134.
C.
Although we hold that the drug surveillance special condition is not supported by the district court’s reasons for its imposition in this case, we conclude that remand is unnecessary because Ramos-Gonzales will be required to undergo drug testing as a mandatory condition of supervised release regardless. 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(a)(4). We note the legal distinction between the special and mandatory conditions of supervised release contemplated by the scheme of § 3583(d), yet we are satisfied that on these facts that the drug-related mandatory condition of supervised release addresses any concerns relating to Ramos-Gonzales’s potential drug use. Accordingly, no remand is necessary.[6]
*733 IV. Conclusion
For the reasons stated, we VACATE the special condition of supervised release and otherwise AFFIRM the sentence as modified.

. The drug surveillance condition involves "periodic urine surveillance and/or breath, saliva and skin tests for the detection of drug abuse as directed by the probation officer.” The costs of these "detection efforts” are assessed to the defendant, "based on ability to pay as determined by the probation officer.”

. The district court was referring to Ramos-Gonzales's previous conviction for possession of 44.2 pounds of marijuana.

. Ramos-Gonzales offers the alternative argument that the district court’s decision to reimpose the drug surveillance special condition on remand violated the law of the case doctrine and mandate rule insofar as this court's order pursuant to the first appeal rejected the 2012 conviction as a basis for that condition. She also argues that permitting the *731 probation officer to determine the number of drug tests she would be required to undergo constituted an impermissible delegation of Article III authority. In light of our chosen holding in this case, we pretermit discussion of these alternative arguments.

. Although Mahanera is potentially distinguishable from Ramos-Gonzales’s situation insofar as the defendant's PSR in that case included no prior convictions or arrests for drug-related offenses, id. at 202, that potential distinction has no bearing on the key reason for the court’s decision—lack of evidence showing drug use or abuse. See id.-, cf. Salazar, 743 F.3d at 452 (noting that special condition prohibiting access to sexually stimulating materials not reasonably related to deterrence where there was no evidence that defendant's criminal activities were driven by access to such materials or that defendant had “a high potential for committing future sexual crimes”).

. A further examination of the policy statements included in the Guidelines supports this view—the policy guidance on substance abuse-related special conditions provides that “[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol,” it is appropriate for the district court to impose:
(A) a condition requiring the defendant to participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol; and (B) a condition specifying that the defendant shall not use or possess alcohol.
U.S.S.G. § 5D 1.3(d)(4).

. We also observe that the sentencing hearing following this court's remand was conducted by telephone, without the physical presence of the defendant. Despite our recognition that the defendant registered no objection to this procedure, we are constrained to note that no authority for such a procedure has been presented, nor have we been able to locate any. *733 See Fed. R. Crim. Pro. 43. We take this opportunity to remind district courts of the solemnity of the criminal proceeding and of the contribution that the physical presence of all parties makes to the fairness, integrity, and public function of that proceeding. Cf. United States v. Navarro, 169 F.3d 228, 235-39 (5th Cir. 1999). Accordingly, we advise against conducting future sentencing hearings by telephone.