# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 15, 2019

Lyle W. Cayce
Clerk

No. 18-20306
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PERENEAL KIZZEE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-601-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Pereneal Kizzee was charged with possession of ammunition and firearms by a convicted felon (count one), possession of a controlled substance with intent to deliver (count two), and possession of a firearm during and in relation to a drug trafficking crime (count three). On direct appeal, this court vacated Kizzee's convictions for counts two and three and remanded to the district court for retrial on those counts. The Government moved to dismiss

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counts two and three, and the district court granted the motion. At a resentencing hearing, the district court reimposed the original sentence as to count one: 70 months of imprisonment and three years of supervised release.

On appeal, Kizzee argues that the district court erroneously applied a four-level enhancement to the base offense level for using or possessing a firearm or ammunition in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), which he contends no longer applied after the Government dismissed counts two and three. Further, Kizzee claims that his appointed counsel at the resentencing hearing rendered ineffective assistance by failing to object to the enhancement. The Government argues that the law of the case doctrine and its corollary the mandate rule preclude review of Kizzee's arguments. However, we decline to address the applicability of these doctrines and instead proceed to the merits. *See, e.g., United States v. Ramos-Gonzales,* 857 F.3d 727, 730 n.3 (5th Cir. 2017); *United States v. Simpson,* 796 F.3d 548, 552 & n.7 (5th Cir. 2015).

Because Kizzee did not object to the enhancement at the resentencing hearing, this court's review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). To establish plain error, Kizzee must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* As pertains to a § 2K2.1(b)(6)(B) enhancement, "[t]he district court's determination of the relationship between the firearm and another offense is a factual finding," as is a district court's determination of what activity constitutes relevant conduct. *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010); *see United States v. Hinojosa*, 484 F.3d 337, 340 (5th Cir.

2007).  A question of fact that could have been resolved upon proper objection cannot constitute plain error.  *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).

Kizzee argues that the dismissal of counts two and three categorically prevented the application of § 2K2.1(b)(6)(B).  Section 2K2.1(b)(6)(B) provides that the base offense level for a firearms offense should be increased by four levels "[i]f the defendant . . . used or possessed any firearm . . . in connection with another felony offense."  Another felony offense, in turn, "means any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."  § 2K2.1, comment. (n.14(C)).

If Kizzee had objected, the district court could have resolved the factual question whether the preponderance of the evidence supported the finding that he possessed a firearm in connection with a felony offense.  *See United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009).  Therefore, the application of the § 2K2.1(b)(6)(B) enhancement cannot constitute plain error.  *See Rodriguez*, 602 F.3d at 361.  As to Kizzee's ineffective assistance of counsel claim, we decline to review it without prejudice to any right Kizzee may have to raise such a claim in a later postconviction proceeding.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Based on the foregoing, the judgment is AFFIRMED.