# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 18, 2026

Lyle W. Cayce
Clerk

No. 24-20550

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARTURO MENDOZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-343-1

Before ELROD, *Chief Judge*, and SMITH and WILSON, *Circuit Judges*.

JENNIFER WALKER ELROD, *Chief Judge*:

Arturo Mendoza pleaded guilty to one count of transporting child pornography and received an above-Guidelines sentence of 120 months' imprisonment followed by ten years of supervised release. On appeal, he challenges the location-monitoring, financial-disclosure, and credit-approval conditions of supervised release imposed in the written judgment. The government concedes error as to the location-monitoring condition. We VACATE all three conditions and REMAND.

No. 24-20550

## I

### A

In 2019, Mendoza created fourteen images of morphed child pornography using Adobe Photoshop and uploaded them to Adobe's cloud servers. Each image depicted adult women engaging in sexually explicit conduct with adult men, but with the face of one of two minor girls—one aged twelve and one aged six—photoshopped over the adult women's faces. Mendoza was indicted on one count of transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1), (b)(1). He admitted to the factual allegations in the indictment and pleaded guilty without a plea agreement.

### B

#### 1

The presentence report (PSR) calculated a Sentencing Guidelines range of 60–71 months' imprisonment. The original PSR noted that the government had not yet received victim information but stated that "the Court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." Five days before Mendoza's sentencing hearing, the probation officer filed an amended PSR that provided victim-impact information and requested restitution amounts. The amended PSR also recommended two discretionary conditions of supervised release related to restitution: a financial-disclosure condition and a credit-approval condition.

#### 2

At sentencing, the district court adopted the PSR. It noted that there were two restitution requests in the PSR and asked counsel if they had come

2

to an agreement on restitution. Counsel requested time to resolve this issue, and the district court accordingly left the issue open.

The district court imposed an above-Guidelines sentence of 120 months' imprisonment followed by ten years of supervised release. Regarding supervised release, the district court stated:

> While on supervised release, you shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this Court, abide by any mandatory conditions required [by law] and shall comply with the additional conditions as noted in the appendix of the presentence investigation report.

The PSR's appendix included the financial-disclosure and credit-approval conditions. The district court ordered that the restitution amount be left open for 90 days. *See* 18 U.S.C. §§ 2259(b)(3), 3664(d)(5).

At the government's request, the district court also ordered location monitoring during Mendoza's supervised release. Neither the district court nor counsel knew offhand whether a location-monitoring condition could last for the full term of an individual's supervised release, so the district court accepted the government's suggestion that the parties "have that discussion . . . while [they were] working on restitution." The district court explicitly confirmed that it was imposing only "standalone" location monitoring, not home detention.

3

The written judgment issued ten days after sentencing. It recited verbatim the special conditions recommended in the PSR's appendix, including the financial-disclosure and credit-approval conditions:

No. 24-20550

Financial Disclosure

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

Financial No New Debt/Credit

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

It also included the location-monitoring condition—but it left the duration of the location monitoring blank and added a home-detention component:

*Location Monitoring

You will be monitored by the form of location monitoring technology indicated below for a period of ____, and you must follow the rules and regulations of the location monitoring program. You must pay the costs of the program, if financially able.

☒ Location monitoring technology at the discretion of the probation officer

This form of location monitoring technology will be used to monitor the following restriction on your movement in the community:

☒ **Home Detention**: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer.

*The length of time will be determined during the restitution hearing.

The written judgment deferred the determination of restitution "until 90 days" and noted that an amended judgment would be entered after that determination.

Ninety days passed after the entry of the judgment, and the government never requested a restitution hearing. No amended judgment reflecting a restitution determination was ever entered.

4

Mendoza timely appealed his conviction and sentence. On appeal, he challenges the district court's: (1) imposition of a home-detention component as part of his location-monitoring condition of supervised release; (2) failure to determine the duration of the location monitoring; and (3) imposition of the financial-disclosure and credit-approval conditions.

No. 24-20550

## II

We turn first to the location-monitoring condition of supervised release, concluding that the district court erred in: (1) imposing home detention as a component of this condition in the written judgment; and (2) failing to specify the duration of the location monitoring.

### A

First, the district court erred in imposing home detention as a component of the location-monitoring condition of supervised release in the written judgment.

At sentencing, the district court pronounced that Mendoza would be subject to "standalone" location monitoring. It also specifically stated that it was not imposing home detention as a condition of supervised release. Nonetheless, the written judgment states that Mendoza is subject to home detention.

We construe this difference between the oral pronouncement and the written judgment as a clerical error. We may review clerical errors in a judgment for the first time on appeal and remand to correct them. *See United States v. Powell*, 354 F.3d 362, 371 (5th Cir. 2003); Fed. R. Crim. P. 36. Accordingly, remand for correction as to the home-detention component is appropriate here.

### B

Second, the district court erred in failing to specify the duration of Mendoza's location monitoring.

At sentencing, neither the district court nor counsel knew offhand whether a location-monitoring condition could last for the full term of an individual's supervised release, so the district court accepted the government's suggestion that the parties "have that discussion . . . while

5

[they were] working on restitution." On the written judgment form, the district court left the duration of the location monitoring blank but noted with an asterisk that the "length of time [of the location monitoring] will be determined during the restitution hearing." A restitution hearing never occurred, and the district court never imposed a specific duration for Mendoza's location monitoring.

Because Mendoza did not object after the district court explicitly discussed and orally pronounced the standalone location-monitoring condition at sentencing, we review for plain error. *United States v. Quezada-Atayde*, 148 F.4th 360, 363 (5th Cir. 2025). To prove plain error, Mendoza must "show (1) there was error, (2) the error was plain, (3) the error affected his 'substantial rights,' and (4) the error seriously affected 'the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Jones*, 489 F.3d 679, 681 (5th Cir. 2007) (quoting *United States v. Olano*, 507 U.S. 725, 732, 734 (1993)).

Here, the district court's error was clear or obvious. In keeping with due-process principles, a condition of supervised release "may not be 'so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'" *United States v. Abbate*, 970 F.3d 601, 603–04 (5th Cir. 2020) (quoting *Johnson v. United States*, 576 U.S. 591, 595 (2015)). Here, the judgment as written violates Mendoza's due-process rights because, in failing to specify the duration of his location monitoring, it fails to give him notice of how long this punishment will last and also potentially invites arbitrary enforcement by the government. *See id.*

This error affects Mendoza's substantial rights. It affects the contents of the judgment—namely, how long Mendoza's liberty will be restricted during his supervised release. *See United States v. Broussard*, 669 F.3d 537,

553 (5th Cir. 2012) ("To affect the defendant's substantial rights, the defendant must demonstrate that the error affected the outcome of the district court proceedings."). The error also seriously affects "the fairness, integrity, or public reputation of judicial proceedings" because it infringes on Mendoza's due-process rights and leaves the door open to enforcement by the government that is not "narrowly tailored" to avoid a "greater deprivation of liberty than is reasonably necessary" to fulfill 18 U.S.C. § 3553's purposes, as conditions of supervised release must be. *United States v. Duke*, 788 F.3d 392, 398 (5th Cir. 2015) (quoting *United States v. Rodriguez*, 553 F.3d 408, 412 (5th Cir. 2009)).

We thus conclude that the district court plainly erred in failing to specify the duration of Mendoza's location monitoring.

\* \* \*

Considering these two errors, the appropriate remedy is to vacate the location-monitoring condition and remand for the limited purpose of removing the home-detention component and determining the duration of the location monitoring.

## III

We turn next to the financial-disclosure and credit-approval conditions of supervised release, concluding that the district court erred in imposing both conditions.

## A

"When a defendant objects to a condition of supervised release for the first time on appeal, the standard of review depends on whether [the defendant] had an opportunity to object before the district court." *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022) (quoting *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020)). "Where a defendant had an

opportunity to object at sentencing—even if he failed to do so—our review is for plain error." *Quezada-Atayde*, 148 F.4th at 363 (citing *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc)). But "if the defendant did not [have an opportunity to object], we review for abuse of discretion." *Id.* (alteration in original) (quoting *United States v. Baez-Adriano*, 74 F.4th 292, 297 (5th Cir. 2023)).

Here, we would reach the same result under either standard of review. We therefore need not decide this question, and we assess these supervised-release conditions under the less burdensome abuse of discretion standard.

B

We conclude that the district court abused its discretion in imposing the financial-disclosure and credit-approval conditions of supervised release.

A district court may impose discretionary, or special, conditions of supervised release, but under 18 U.S.C. § 3583(d), its authority to do so is circumscribed in three ways. *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009). First, the condition must be "reasonably related" to one of four statutory factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need . . . to afford adequate deterrence to criminal conduct"; (3) "the need . . . to protect the public from further crimes of the defendant"; and (4) "the need . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *United States v. Ramos-Gonzales*, 857 F.3d 727, 731 (5th Cir. 2017) (quoting 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D)); *see* § 3583(d)(1). Second, "the condition cannot impose any 'greater deprivation of liberty than is reasonably necessary' to advance deterrence, protect the public from the defendant, and advance the defendant's correctional needs." *Weatherton*, 567 F.3d at 153 (quoting 18 U.S.C. § 3583(d)(2)). Third, the condition "must be consistent

with the policy statements issued by the Sentencing Commission." *Id.*; *see* § 3583(d)(3).

Here, the financial-disclosure condition requires Mendoza to "provide the probation officer with access to any requested financial information and authorize the release of any financial information" and allows the "probation office [to] share financial information with the U.S. Attorney's Office." The credit-approval condition requires that he "not incur new credit charges or open additional lines of credit without the approval of the probation officer." As to each of these conditions, the PSR cites the same justification: "Based upon the defendant owing restitution, these financial conditions are recommended." Mendoza contends that the imposition of these conditions violates § 3583(d) and is unsupported by the record.

Mendoza is correct on both accounts. First, and most importantly, the district court has not ordered restitution in this case, meaning that the justification for these conditions provided in the PSR is unsound. Second, in the absence of a restitution order and given Mendoza's offense and history, these conditions impose a "greater deprivation of liberty than is reasonably necessary" to carry out the statutory goals. *Id.* (quoting 18 U.S.C. § 3583(d)(2)). And finally, these conditions are inconsistent with the Sentencing Commission's policy statements, which state that a financial-disclosure condition is appropriate "[i]f the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine" and a credit-approval condition is appropriate "[i]f an installment schedule of payment of restitution or a fine is imposed." U.S.S.G.

§ 5D1.3(b)(3)(B)-(C).[1]  Here, the district court did not impose any financial obligations on Mendoza beyond the mandatory $100 special assessment, and it explicitly waived two additional special assessments.

The government's argument that these conditions are appropriate because "restitution is mandatory in child pornography cases" is incorrect. By statute, restitution is mandatory only to the extent that the district court determines that there is evidence of cognizable loss to the victim(s).  *See* 18 U.S.C. § 2259(b); *Paroline v. United States*, 572 U.S. 434, 448 (2014) (holding that restitution is "proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses"); *see also* U.S.S.G. § 5E1.1(a). The government's statement that the district court "ordered restitution" is also misleading.  On the written judgment form, instead of checking the box stating, "The defendant must make restitution . . . to the following payees in the amount listed below," the district court checked the box stating, "The determination of restitution is deferred until 90 days."  The district court thereafter never ordered restitution.  While "[t]he fact that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of the government, does not deprive the court of the *power* to order restitution" after that point, *Dolan v. United States*, 560 U.S. 605, 611 (2010) (emphasis added), to order restitution, the district court still must determine that there is evidence of qualifying victim losses.  The district court here has made no such determination and has not entered a restitution award.

Because the financial-disclosure and credit-approval conditions of supervised release do not comply with § 3583(d) and are unsupported by the

---

[1] Before the November 1, 2025 revision to the U.S. Sentencing Guidelines, this language appeared at U.S.S.G. § 5D1.3(d)(2)-(3).

No. 24-20550

record, we conclude that the district court abused its discretion in imposing them.[2]

IV

In sum, the district court erroneously imposed home detention, failed to determine the duration of Mendoza's location monitoring, and erroneously imposed financial-disclosure and credit-approval conditions of supervised release. We therefore: (1) VACATE the location-monitoring condition and REMAND for the limited purpose of removing the home-detention component and determining the duration of the location monitoring; and (2) VACATE the financial-disclosure and credit-approval conditions and REMAND for further proceedings.

---

[2] As stated above, even if we had reviewed this issue for plain error, we would have vacated these conditions as the product of plain error that affected Mendoza's substantial rights and affected the fairness, integrity, or public reputation of judicial proceedings. *See Jones*, 489 F.3d at 681.