## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40078

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARIA DEL ROSARIO ALVAREZ,

Defendant – Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Maria Del Rosario Alvarez appeals the district court's sentence requiring her to obtain mental health treatment as a special condition of supervised release. Because the district court committed reversible error in imposing this special condition without the statutorily required factual findings, we VACATE the challenged condition and REMAND for proceedings consistent with this opinion.

I.

A border patrol agent stopped Maria Del Rosario Alvarez at a border patrol checkpoint. Alvarez's sister, her sister's infant, and Agustin Hernandez-Sanchez were all passengers in the car. The agent asked if they were United

States citizens, and they all answered yes. The agent then asked for identification, and everyone except Hernandez-Sanchez handed the agent United States birth certificates. The agent then asked Alvarez to park in the secondary inspection area.

In the secondary inspection area, Hernandez-Sanchez admitted he was illegally present in the United States. Then, Alvarez and Hernandez-Sanchez were arrested. During a search of the car, agents found Alejandro Martinez-Cristobal hiding in the trunk of the car. Martinez-Cristobal was also illegally present in the United States. Alvarez never told agents that there was a person in the trunk, and when agents eventually found Martinez-Cristobal, it was 94 degrees in the trunk.

Prior to the sentencing hearing, the United States Probation Office prepared a presentence report (PSR) detailing Alvarez's personal background. It reported that Alvarez had no prior criminal history but that she had a history of alcohol use, recommending that the court "consider imposing an education and drug treatment and/or surveillance special condition." Notably, however, the PSR stated that Alvarez "reported no history of mental or emotional health related problems and [its] investigation [had] revealed no information to indicate otherwise."

Alvarez pleaded guilty to transportation of an undocumented alien, in violation of 18 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(ii). During the sentencing hearing, Alvarez's counsel asked the district court to consider a departure for aberrant behavior and stated that Alvarez had "suffered extreme abuse and trauma in her very short life."

The district court sentenced Alvarez to 18 months of imprisonment to be followed by two years of supervised release. The district court then ordered "[s]tandard terms of supervision, along with drug and alcohol treatment, mental health, and that [Alvarez] enroll in a program—educational program

No. 17-40078

designed to receive a high school diploma or its equivalency." During the sentencing hearing, Alvarez did not object to the imposition of a mental health treatment program as a special condition of supervised release.

Regarding this special condition, the judgment stated:

> The defendant is required to participate in a mental health program. Further, the defendant shall participate and shall comply with all rules and regulations of the treatment agency until discharged by the Program Director with the approval of the probation officer. The defendant will incur costs associated with such program, based on ability to pay as determined by the probation officer.

Alvarez timely filed a notice of appeal.

## II.

On appeal, Alvarez argues that the district court committed reversible error by imposing the mental health special condition. Alvarez concedes that because she failed to object to the special condition in the district court, our review is limited to plain error. To prevail, Alvarez must show:

> First, there must be an error or defect—some sort of "[d]eviation from a legal rule"—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings." Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Prieto*, 801 F.3d 547, 549–50 (5th Cir. 2015) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

## III.

District courts have broad discretion to impose special conditions of supervised release. *United States v. Fernandez*, 776 F.3d 344, 346 (5th Cir.

No. 17-40078

2015). Pursuant to 18 U.S.C. § 3583(d), conditions of supervised release must be "reasonably related" to one of the four statutory factors in 18 U.S.C. § 3553(a):

> (1) the nature and characteristics of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.

*United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)). A special condition cannot involve a "greater deprivation of liberty than is reasonably necessary for the purposes" of the last three statutory factors and must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(2), (d)(3). According to the United States Sentencing Commission, mental health treatment is appropriate "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment." U.S.S.G. § 5D1.3(d)(5).

The sentencing court must "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). "[C]ourts of appeal have consistently required district courts to set forth factual findings to justify special probation conditions." *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (quoting *United States v. Warren*, 186 F.3d 358, 366 (3d Cir. 1999)). Even without factual finding by the district court, we may still affirm a special condition if we can infer the district court's reasoning after an examination of the record. *United States v. Caravayo*, 809 F.2d 269, 275 (5th Cir. 2015) (vacating and remanding for resentencing because the record did not contain support for the imposition of the special condition). However, if the district court's reasoning is unclear after our review of the record, the special condition must be vacated as an abuse of discretion. *Id.*

4

No. 17-40078

We conclude that Alvarez has met her burden to show reversible error. It is undisputed that the district court did not attempt to explain how the mental health special condition reasonably related to any of the statutory factors. *See United States v. Garcia*, 638 F. App'x 343, 346 (5th Cir. 2016)[1] (vacating a special condition on plain error review because the district court's "reiteration" of two statutory factors "did not adequately explain how the mental health condition reasonably related to the cited statutory factors"). The government urges us to infer the district court's reasoning, but on this record, we cannot surmise how the mental health special condition is clearly related to the statutory factors. The PSR did not report mental or emotional health related problems. While the PSR recommended that the district court consider imposing education and drug treatment special conditions, which were also imposed, the PSR did not recommend a mental health special condition.

There is no evidence in this record suggesting that Alvarez needs mental health treatment. By contrast, when a defendant was experiencing anxiety and had been prescribed medication for anxiety, we determined that it was not plain error when the district court imposed, without explanation, a mental health treatment as a special condition of supervised release. *See United States v. Terrell*, 677 F. App'x 938, 940 (5th Cir. 2017). Here, however, there is no evidence that Alvarez has ever been diagnosed with or treated for a mental health condition. Moreover, we see no evidence in the record to suggest that the district court "had reason to believe" that Alvarez suffered from a mental health condition. *See United States v. Heredia-Holguin*, 679 F. App'x 306, 311–12 (5th Cir. 2017) (citing cases in which, under plain error review, we upheld special conditions that required defendants to abstain from alcohol

---

[1] Pursuant to Fifth Circuit Rule 47.5.4, unpublished opinions issued on or after January 1, 1996 generally are not precedent, although they may be cited as persuasive authority pursuant to Fed. R. App. P. 32.1(a).

when the district court "had reason to believe that [the defendant] abuses controlled substances").

The government argues that the district court believed that Alvarez would benefit from mental health treatment based on the nature and circumstances of her personal history, as reported in her PSR. According to the government, the record supports this inference. The record does indicate that Alvarez has experienced trauma in her life, including the murder of the father of her first two children. The PSR also reports that Alvarez was the victim of abuse in a prior relationship. In particular, the government emphasizes Alvarez's counsel's statement that Alvarez "has suffered extreme abuse and trauma in her very short life."

Many defendants, unfortunately, suffer from abuse and trauma. "But special conditions must be tailored to the individual defendant. . . ." *Caravayo*, 809 F.3d at 276. Here, "the record does not clearly contain any discussion, factual finding, or other support for [this] special condition." *Id.* The evidence of abuse and trauma here is not enough for us to infer the district court's rationale in imposing this mental health special condition. A contrary ruling here would suggest that a district court can impose a mental health program as a special condition—without explanation—on any defendant with a history of trauma and abuse.

Because the district court made no specific factual finding to establish that this special condition was reasonably related to one of the four factors under § 3553(a), and because the record does not clearly substantiate such a relationship, we conclude that Alvarez has met her burden to show error. Moreover, the district court's error here is plain, that is, not open to reasonable debate. District courts must "set forth factual findings to justify special probation conditions." *Id.* at 275. Here, the district court failed to do so, and this error is not open to reasonable debate.

No. 17-40078

We further conclude that the district court's error affected Alvarez's substantial rights. Alvarez is required to pay for the mental health program, if she can afford it, and such a program may require a significant commitment of time. Moreover, this special condition creates a possibly unwarranted perception that Alvarez requires mental health treatment. *See United States v. Gordon*, 838 F.3d 597, 605 (5th Cir. 2016) (vacating a mental health special condition under plain error review).

Determining that Alvarez has established the first three prongs of plain error review, we must consider whether we should exercise our discretion to remedy this error. The government contends that the imposition of this condition does not seriously affect the fairness, integrity, or public reputation of judicial proceedings and urges us not to exercise our discretion in Alvarez's case. It is true that Alvarez may seek modification of this condition during her supervised release. 18 U.S.C. § 3583(e)(2). In *United States v. Mendoza-Velasquez*, we declined to exercise our fourth-prong discretion when the mental health condition was modifiable. *United States v. Mendoza-Velasquez*, 847 F.3d 209, 213 (5th Cir. 2017). However, in that case, the defendant had "an extensive criminal history" that counseled us against "rectifying any error." *Id.* Here, according to this record, Alvarez has no criminal history at all.

Moreover, "the fourth prong is meant to be applied on a case-specific and fact-intensive basis." *Prieto*, 801 F.3d at 554 (quoting *United States v. John*, 597 F.3d 263, 286 (5th Cir. 2010)). As the Supreme Court has emphasized, a "*per se* approach to plain-error review is flawed." *Id.* (quoting *Puckett*, 556 U.S. at 142). Therefore, the ability of a defendant to modify a special condition is only one factor considered as we determine whether to exercise our discretion. In this particular case, there was no indication from the PSR or discussion at the sentencing hearings that the district court was considering imposing a

mental health special condition. Also, as discussed, this type of special condition implicates significant autonomy and privacy concerns.

For the foregoing reasons, we VACATE the condition of Alvarez's supervised release requiring her to participate in mental health treatment. We REMAND for the district court to reconsider whether to impose this special condition.

No. 17-40078

REAVLEY, Circuit Judge, dissenting:

This experienced judge gave special time and attention to the conduct and history of the defendant and decided that mental health assistance would benefit her, and would meet some if not all of the statutory factors stated above. I would require no more because I read the record to support this.