# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41081

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MARIO ALBERTO GARRIDO,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
No. 7:16-CR-1173-1

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Mario Garrido appeals two special conditions of his term of supervised release ("SR"). We modify the sentence and affirm it as modified.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41081

I.

Police stopped Garrido for a traffic violation. When a drug-sniffing dog indicated that the car contained drugs, the officers searched the trunk and found five packages of cocaine. Garrido gave consent to search the rest of the car, and police found another fourteen packages with cocaine. Garrido pleaded guilty of possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. The district court sentenced him to the statutory minimum of 120 months in prison, five years of SR, and a $100 special assessment.

The first special condition requires Garrido to "participate in a mental health program as deemed necessary and approved by the probation officer" and pay the costs of the program "based on [his] ability to pay as determined by the probation officer." The second requires participation "in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse . . . as instructed and deemed necessary by the probation officer."[1] Garrido challenges both conditions as not supported by the record.

II.

Garrido did not object to the substance-abuse-treatment conditions in the district court, so we review for plain error. *United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018) (per curiam). To prevail, Garrido must show that (1) there was an error not intentionally relinquished or abandoned; (2) the error was plain; and (3) the error affects his substantial rights. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018). If he meets that burden, we have discretion to correct the error, but only if "allowing th[e] error to stand seriously affects the fairness, integrity, or public reputation of judicial

---

[1] Garrido's brief acknowledges that no issue exists as to whether the district court impermissibly delegated its Article III sentencing authority to the probation officer.

2

No. 17-41081

proceedings." *United States v. Duke*, 788 F.3d 392, 396 (5th Cir. 2015) (per curiam).

Sentencing courts have broad discretion to impose special conditions of SR, but that discretion is limited by three requirements. 18 U.S.C. § 3583(d); *Alvarez*, 880 F.3d at 239. First, a special condition must be reasonably related to "(1) the nature and circumstances of the offense and the history and characteristics of the defendants"; (2) the need for the sentence adequately to deter crime; (3) the need to protect the public; or (4) providing the defendant "with needed" treatment "in the most effective manner." 18 U.S.C. § 3553(a)(1), (2)(B)–(D).

Second, a special condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to advance the goals of deterrence, public protection, or needed corrective treatment. 18 U.S.C. § 3583(d)(2). In other words, a special condition must be "narrowly tailored" so as not to deprive the defendant of more liberty than necessary to serve the goals in § 3553(a). *Duke*, 788 F.3d at 398.

Third, a special condition must be "consistent with any pertinent policy statements" in the United States Sentencing Guidelines. 18 U.S.C. § 3583(d)(3). Two apply here. The guidelines permit special conditions requiring participation in an approved "mental health program" if "the court has reason to believe that the defendant is in need of psychological or psychiatric treatment." U.S.S.G. MANUAL § 5D1.3(d)(5) (U.S. SENTENCING COMM'N 2016). The guidelines also allow special conditions requiring participation in a program "for substance abuse" if the "court has reason to believe that the defendant is an abuser of narcotics, other controlled substances, or alcohol." *Id.* § 5D1.3(d)(4).

Besides these three requirements, the sentencing court must "state the

No. 17-41081

reasons for its imposition of the particular sentence." *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (internal quotation marks omitted) (citing 18 U.S.C. § 3553(c)).  If the reasons are unclear, the reviewing court may try to infer them from the record.  *See id.*

### III.

A district court commits plain error by imposing a mental-health-treatment special condition of SR where there is an "absence of any record evidence indicating that [the defendant] has a questionable mental health history or a particular diagnosis requiring mental health treatment." *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016).  That is because, absent evidence that the defendant "has ever been *diagnosed* with or *treated* for a mental health condition," *Alvarez*, 880 F.3d at 240 (5th Cir. 2018) (emphases added), a mental-health-treatment special condition does not meet the three statutory requirements.[2]

The district court did not announce its reasons for imposing its well-intended mental-health-treatment special condition.  We thus look to the record for evidence supporting it.  *See Salazar*, 743 F.3d at 451.

There is no evidence that Garrido has been diagnosed with or treated for a mental health condition.  All of the information about his mental condition comes from the PSR, which states that Garrido (1) self-reported "experienc[ing] mild depression while in custody" and (2) attended counseling as a child in school because of behavioral issues.  He also reported that he has experienced some fainting spells and hair loss.  Evidence of self-reported depression,

---

[2] *See Alvarez*, 880 F.3d at 240 (vacating a mental-health-treatment condition as plainly erroneous where the record showed that the defendant had suffered trauma and abuse but did not indicate diagnosis of or treatment for a mental health condition); *Gordon*, 838 F.3d at 604–05 (holding that evidence of a history of anger and violence untied to a specific mental health condition could not support a mental-health-treatment special condition).

No. 17-41081

behavioral troubles as a school child, and physical symptoms that may or may not relate to Garrido's mental health is not the kind of direct evidence that the caselaw requires to show a reasonable relation to the factors in § 3553(a).

Garrido has demonstrated that the error affects his substantial rights. It "require[s] him to attend multiple sets of treatment" and creates "an unwarranted perception that he requires mental health treatment." *Gordon*, 838 F.3d at 605. The government concedes both of these effects. Prong three of plain-error review is satisfied.

What remains is whether the error "seriously affects the fairness, integrity or public reputation of judicial proceedings," *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks omitted), such that we should exercise our discretion to vacate the special condition. "[W]e do not view the fourth prong as automatic if the other three prongs are met." *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc). Instead, "we look to the degree of the error and the particular facts of the case to determine whether to exercise our discretion." *United States v. Avalos–Martinez*, 700 F.3d 148, 154 (5th Cir. 2012) (per curiam) (internal quotation marks omitted).

We have consistently vacated plainly erroneous mental-health special conditions where "there was no indication from the PSR or discussion at the sentencing hearings that the district court was considering imposing a mental health special condition." *Alvarez*, 880 F.3d at 242; *see also, e.g.*, *Gordon*, 838 F.3d at 604–05. That is the situation here. It is also appropriate for us to correct a judgment imposing a special condition that is insufficiently supported by the record.[3]

---

[3] *See Gordon*, 838 F.3d at 605; *Garcia*, 638 F. App'x at 346 (vacating where it was "not obvious from the record that there [was] a basis for the mental health condition").

5

No. 17-41081

The government urges us to uphold the special condition on the ground that "Garrido's extremely recidivistic history demonstrates his gross disrespect for the law and the danger he poses to the public." That approach is invalid in the wake of *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1910 n.5 (2018), which disallows criminal history as a factor in exercising discretion under the fourth prong. And aside from criminal history, the circumstances here are much like those in which we have vacated mental-health special conditions. *See Alvarez*, 880 F.3d at 242; *Gordon*, 838 F.3d at 604–05; *Garcia*, 638 F. App'x at 347. Accordingly, we exercise our discretion to vacate the mental-health special condition.

## IV.

The district court, with the best of intentions, said it would recommend that the BOP place Garrido in a facility with services for drug or alcohol abuse, referencing that Garrido claimed "that he was using drugs when he was very young." The court observed that the PSR "says that he was snorting cocaine when he was 12 years old." Still, the court was uncertain as to present drug use, concluding by encouraging Garrido to "get[] rid of the drug habit, *if there is one*, while in custody." Even so, based on these impressions, the court found it "appropriate" to recommend placement in a facility where Garrido could receive treatment for drug or alcohol abuse, but it did not specifically state why it was imposing the special condition.

The referenced statement about Garrido's snorting cocaine as a twelve-year-old is not in the record. The court may have mistakenly derived it from the clause that Garrido has been "scouting, transporting, and storing narcotics" since he was twelve. There is no evidence that Garrido has ever used drugs, much less abused them. In fact, he has "denied the use of or experimentation with alcohol or any illicit substance," and nothing in the record suggests

6

that he is lying.  He has never been indicted for an alcohol- or drug-related offense.  The government points to an incident in which Garrido was pulled over for broken headlamps, and a police officer smelled "a strong odor of marijuana" emanating from the vehicle.  Garrido denied that he had used marijuana, saying that the passengers had smoked it earlier that evening.  That incident resulted in a charge for possession of a prohibited weapon, not drug use or possession.

This court has vacated a special condition requiring drug-abuse treatment where there was no evidence suggesting that the defendant had abused drugs.  *See United States v. Mahanera*, 611 F. App'x 201 (5th Cir. 2015) (per curiam).  As in that case, "there is no indication that [Garrido's] crime was driven by the use of addictive substances, that he is likely to commit crimes due to the use of addictive substances in the future, or that he needs help to avoid drugs or alcohol." *Id.* at 204.  Given the lack of record evidence demonstrating past drug or alcohol abuse, the special condition does not "reasonably relate to" the factors in § 3553(a)(2).  As with the mental-health-treatment special condition, this error prejudiced Garrido in that he was "subjected to [an] unwarranted special condition, because no record evidence reveals any justification for the condition." *United States v. Prieto*, 801 F.3d 547, 553 (5th Cir. 2015) (per curiam).

We turn once again to the fourth prong of plain-error review.  "Sentences based upon erroneous and material information or assumptions violate due process." *United States v. Tobias*, 662 F.2d 381, 388 (5th Cir. Unit B Nov. 1981) (citing *Townsend v. Burke*, 334 U.S. 736, 740 (1948)).  The district court relied on a mistaken reading of the record that Garrido had snorted cocaine as a twelve-year old.  That misinformation was material:  The court cited it as a part of imposing a special condition on SR.  We exercise our discretion to vacate

No. 17-41081

the special condition.

The judgment of sentence is MODIFIED by striking both special conditions from the order of SR.  In all other respects, the judgment is AFFIRMED.