# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2019

Lyle W. Cayce
Clerk

No. 18-10633
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEWAYNE JORDAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-43-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

In 2012, Dewayne Jordan pleaded guilty to bank fraud and was sentenced to 15 months in prison and five years of supervised release, which was revoked when he pleaded true to 2017 theft charges. The district court then sentenced Jordan to 18 months in prison and three years of supervised release. The district court imposed eight special conditions of supervised release. Jordan appeals conditions number one and number eight, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

require his participation in a substance-abuse treatment program and prohibit consumption of alcohol during the term of supervision.

Because Jordan did not raise this issue in the district court, we review for plain error. *See United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018) (per curiam). Jordan must therefore identify (1) a forfeited error that is (2) clear or obvious and (3) affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does, we may exercise discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

A special condition of supervised release must be "reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)," must not involve a "greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)," and must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d) (citing 18 U.S.C. § 3553(a)). The relevant policy statement applies "[i]f the [sentencing] court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol." U.S.S.G. § 5D1.3(d)(4).

The district court committed clear and obvious error by failing to explain its reasons for imposing these special conditions, and the court's reasoning cannot be inferred from the record. *See United States v. Prieto*, 801 F.3d 547, 553 (5th Cir. 2015). The substance-abuse treatment requirement and alcohol prohibition are not reasonably related to the § 3553(a) factors because there is no reason to believe Jordan abused or abuses drugs or alcohol. According to the presentence report (PSR), he tried marijuana once at age 16. He drinks alcohol socially. He denies any addiction, as is evident in his lack of drug- or alcohol-

No. 18-10633

related convictions. Because the record does not demonstrate that there is a need for these special conditions or that they will advance the goals of the sentencing factors in § 3553(a), these conditions are not reasonably related to the § 3553(a) factors. *See Alvarez*, 880 F.3d at 241 (vacating condition requiring mental-health treatment because "the record does not clearly substantiate . . . a relationship" between the condition and the § 3553(a) factors); *see also United States v. Mahanera*, 611 F. App'x 201, 204-05 (5th Cir. 2015) (unpublished) (per curiam) (vacating condition requiring substance-abuse treatment where record revealed no problems with drugs or alcohol);[1] *United States v. Flores-Guzman*, 121 F. App'x 557, 558 (5th Cir. 2005) (unpublished) (per curiam) (vacating no-alcohol condition as not reasonably related to the nature of the offense, the defendant's personal characteristics, or other § 3553(a) factors).

Jordan's substantial rights are affected because he is being subjected to unwarranted special conditions that overly burden his time, finances, and personal freedom, and create the perception that Jordan requires substance-abuse treatment. *See Alvarez*, 880 F.3d at 241; *Prieto*, 801 F.3d at 553. We have exercised our discretion to correct the inclusion of similar conditions, especially where, as here, the defendant lacked notice of the conditions. *See Alvarez*, 880 F.3d at 242.

Accordingly, we vacate the first and eighth special conditions of supervised release. The conviction is AFFIRMED; the sentence is VACATED IN PART; and the case is REMANDED for the district court to modify Jordan's special conditions to conform to this opinion.

---

[1] Pursuant to 5TH CIR. R. 47.5.4, unpublished opinions issued on or after January 1, 1996 may be cited as persuasive authority. *E.g., Alvarez*, 880 F.3d at 240 n.1.