# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10175

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STEVEN KIELBASINSKI,

      Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:17-CR-52-1

Before WIENER, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

     Defendant-Appellant Steven Kielbasinski pleaded guilty to attempted transfer of obscene materials to a minor. The offense involved using an application downloaded from the internet to send two pictures of his genitals to someone he believed to be 14 years old. The district court sentenced Kielbasinski to 27 months incarceration and 3 years of supervised release. As special conditions of Kielbasinski's supervised release, he was required to (1)

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10175

"abstain from the use of alcohol and all other intoxicants" and (2) participate in an inpatient or outpatient program "for treatment of narcotic, drug, or alcohol dependency" and contribute at least $20 per month toward the costs of such program.

The district court did not explain its reasons for including these two conditions of supervised release. Though there is some evidence in the record that might support them, we conclude the matter is better considered by the district court. Accordingly, the case is REMANDED for proceedings consistent with this opinion.

## I.  FACTS AND PROCEEDINGS

Kielbasinski, who at the time was 20 years old, contacted federal agents posing as a 14-year-old via the "Grindr" application. He eventually sent the agents two pictures of his genitals. Five days later, law enforcement arrested Kielbasinski after he arranged to meet with the person he believed to be a minor.

A grand jury charged Kielbasinski with attempted transfer of obscene material to a minor. Kielbasinski pleaded guilty, without a plea agreement, to the charge and signed a factual resume setting out his conduct.

The probation officer then prepared a presentence report ("PSR"). The PSR sets out facts related to the offense and Kielbasinski's background. In the "mental and emotional health" section, the PSR states that Kielbasinski took prescribed medications for depression and diabetes. The PSR describes an incident in which Kielbasinski admitted himself to a hospital because he wanted to kill himself by overdosing on his prescribed insulin. The PSR also describes an incident in which Kielbasinski was admitted to a hospital because he had accidentally overdosed on Benadryl and two prescription antidepressant medications. Although Kielbasinski currently has a prescription for those antidepressant medications and had been prescribed a

2

different antidepressant medication before the overdose, it appears from the PSR that Kielbasinski did not have a prescription for either of the two prescription medications at the time of the overdose.

The "substance abuse" section of the PSR states:

> The defendant reported having no substance abuse history. He advised that while in high school, he may have consumed alcohol twice. He reported no problem with alcohol or drugs.

> The defendant reported receiving no prior substance abuse treatment. He related he is not interested in receiving substance abuse treatment. He advised he was not under the influence of drugs or alcohol when he committed the instant offense.

> The defendant's mother advised she is not aware of any substance abuse history.

The PSR did not include a recommendation for substance abuse treatment.

The district court sentenced Kielbasinski to 27 months incarceration and 3 years of supervised release, and imposed a $100 special assessment. The court also imposed several special conditions, including, as relevant here, (1) "abstain[ing] from the use of alcohol and all other intoxicants during the term of supervision" and (2) "participat[ing] in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency" and contributing at least $20 per month toward such program. The court did not state a specific reason for imposing these two special conditions. It did state generally that the reason for the supervised release was that "the defendant will need this amount of supervision to see that he reassimilates himself back in society, that he obtains suitable employment, and that he maintains a law-abiding lifestyle." Kielbasinski did not object to the PSR or during the district court's oral pronouncement of the sentence.

No. 18-10175

Kielbasinski timely appealed. He challenges only the two special conditions.

## II.  STANDARD OF REVIEW

Because Kielbasinski did not object to the sentence at the district court, we review the sentence for plain error. Under plain error review, Kielbasinski must satisfy four requirements:

> First, there must be an error or defect—some sort of "[d]eviation from a legal rule"—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it "affected the outcome of the district court proceedings." Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[1]

## III.  ANALYSIS

Kielbasinski contends that the district court plainly erred by imposing the special conditions prohibiting him from using alcohol and other intoxicants and requiring his participation in a substance abuse treatment program. He asserts that (1) he has no history of problems with drugs or alcohol, (2) the instant offense did not involve drugs or alcohol, and (3) the district court did not articulate any reason for imposing these special conditions or connect them to the § 3553(a) factors.

In response, the government points out that (a) Kielbasinski has not yet started his term of supervised release and (b) the district court has the authority to modify conditions of supervised release. According to the

---

[1] *United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018) (per curiam) (quoting *United States v. Prieto*, 801 F.3d 547, 549–50 (5th Cir. 2015)).

No. 18-10175

government, Kielbasinski's challenge is not ripe for review because these facts create a possibility that the conditions will not be enforced. It also maintains that the two incidents in which Kielbasinski was admitted to the hospital—one for suicidal thoughts and the other for an accidental overdose—support the conditions.

"A district court's discretion in imposing conditions of supervised release, though extensive, is subject to statutory requirements."[2] Such conditions must be "reasonably related" to one of four factors set out in 18 U.S.C. 3553(a).[3] Those factors are:

> (1) the nature and [circumstances] of the offense and the history and characteristics of the defendant, (2) the deterrence of criminal conduct, (3) the protection of the public from further crimes of the defendant, and (4) the provision of needed educational or vocational training, medical care, or other correctional treatment to the defendant.[4]

A special condition may not impose a "'greater deprivation of liberty than is reasonably necessary for the purposes of' the last three statutory factors and must be 'consistent with any pertinent policy statements issued by the Sentencing Commission.'"[5] The relevant policy statement here recommends imposing special conditions requiring a defendant to participate in a substance abuse program and prohibiting a defendant from using or possessing alcohol "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol."[6]

---

[2] *United States v. Ellis*, 720 F.3d 220, 225 (5th Cir. 2013).

[3] 18 U.S.C. § 3583(d).

[4] *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009) (citing 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D)).

[5] *Alvarez*, 880 F.3d at 240 (quoting 18 U.S.C. §§ 3583(d)(2), (d)(3)).

[6] U.S.S.G. § 5D1.3(d)(4), p.s. (2016).

No. 18-10175

As a threshold matter, the government's ripeness argument is unavailing. When the terms of a special condition "are patently mandatory—i.e., their imposition is not 'contingent on future events'—then a defendant's challenge to that condition is ripe for review on appeal."[7] The challenged conditions contain no discretionary language. Because the challenged conditions are "patently mandatory," Kielbasinski's challenge is ripe for review.

On the merits, we decline to vacate the conditions on the instant record. True, we have vacated the same special conditions imposed here where a defendant had no history of drug or alcohol abuse. *See United States v. Jordan*, 756 F. App'x 472 (5th Cir. 2019). Similarly, in *United States v. Alvarez*, 880 F.3d 236 (5th Cir. 2018) (per curiam), we vacated a special condition requiring mental health treatment when there was no record of the defendant having mental health issues and the district court made no specific findings justifying the conditions.

Here, however, Kielbasinski does have some history of substance abuse related to his diagnosed anxiety and depression. He has twice been hospitalized for wanting to overdose or actually overdosing. That distinguishes this case from *Jordan* and *Alvarez*. And it provides some support, albeit slight, for the special conditions related to substance abuse.

The condition prohibiting alcohol consumption has a more indirect relationship to the overdose incidents because Kielbasinski has no history of problems with alcohol. But "we have previously upheld special conditions of supervised release that required the defendant to abstain from alcohol and other intoxicants when, although there was no evidence of alcohol abuse

---

[7] *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016) (quoting *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003)).

specifically, 'the [district] court had reason to believe that [the defendant] abuses controlled substances.'" *United States v. Heredia-Holguin*, 679 F. App'x 306, 311–12 (5th Cir. 2017) (collecting cases). In light of the facts of this case and *Heredia-Holguin*, we cannot say the district court *plainly* erred in prohibiting Kielbasinski from consuming alcohol.

We nonetheless agree with Kielbasinski that the district court did not adequately explain the basis for the two challenged special conditions. And the record does not make it so obvious that further explanation is unwarranted. We therefore remand to the district court so it may provide further explanation or, if warranted, conduct further factfinding. We leave the determination of whether to vacate or modify the special conditions to the district court on remand.

## IV. CONCLUSION

The case is REMANDED for proceedings consistent with this opinion.