# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11499

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

JIMMY KIT FIELDS,

> Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-52-1

Before JONES, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Appellant Jimmy Kit Fields pleaded guilty to enticement of a minor. He was sentenced to 235 months of imprisonment and 20 years of supervised release. As a special condition of supervised release, the sentencing judge prohibited Fields's use of alcohol. On appeal, Fields argues that the imposition

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11499

of such a condition was plainly erroneous.  Because Fields cannot establish plain error, we AFFIRM.

I.

Appellant Jimmy Kit Fields was charged in a one-count indictment with enticement of a minor in violation of 18 U.S.C. § 2422(b).  Fields entered a written plea agreement and signed a factual resume in which he admitted to facts necessary to demonstrate his guilt.  At a re-arrangement hearing before a federal magistrate judge, Fields entered a guilty plea.

At Fields's sentencing hearing, the district court imposed a sentence of 235 months of imprisonment and a twenty-year term of supervised release. The district court also imposed a special condition of supervised release requiring Fields to "abstain from the use of alcohol and all other intoxicants." There was no discussion of this special condition in the PSR.  The district court pronounced the special condition but provided no specific reasoning for imposing that condition.  Fields raised no objections.

Initially, Fields's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), along with a motion to withdraw.  However, we ordered additional briefing on the issue of whether the district court plainly erred by imposing a special condition prohibiting Fields from using alcohol or other intoxicants. *United States v. Fields*, No. 18-11499 (5th Cir. July 9, 2019).  This appeal follows.

II.

The Government contends that Field's claim is not ripe for review because the condition of supervised released does not impact Fields until he is released.  This argument is incorrect.

When the strictures of a special condition of release "are patently mandatory—i.e., their imposition is 'not contingent on future events'—then a defendant's challenge to that condition is ripe for review on appeal." *United*

2

No. 18-11499

*States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016) (quoting *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003)).  Here, the challenged condition is mandatory: Fields "shall abstain from the use of alcohol and all other intoxicants during the term of supervision."

We hold that Fields's claim is ripe for review and now turn to the merits of the case.

III.

Fields argues on appeal that the special condition of supervised release requiring him to abstain from the use of alcohol is improper.[1]  As Fields did not object when the district court orally pronounced the condition, we review this challenge for plain error.  *See United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018).  To establish plain error, Fields must show an error that is clear or obvious and that affects his substantial rights.  *See id.*  We will exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018).

A district court may impose any condition of supervised release it considers appropriate as long as it is reasonably related to the sentencing factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D); does not involve a greater deprivation of liberty than is reasonably necessary to carry out the purposes of § 3553(a)(2)(B)–(D); and is consistent with relevant policy statements issued by the Sentencing Commission.  18 U.S.C. § 3583(d); *United States v. Alvarez*, 880 F.3d 236, 239–40 (5th Cir. 2018).

---

[1] Although Fields complains generally about the condition prohibiting both alcohol and other intoxicants, his arguments challenge only the alcohol prohibition.  Thus, he has forfeited any challenge to the portion of the condition prohibiting the use of "all other intoxicants."  *See United States v. Torres-Aguilar*, 352 F.3d 934, 936 n.2 (5th Cir. 2003) (concluding that failing to provide legal or factual analysis of an issue constitutes forfeiture of that issue).  We proceed in our review analyzing only the prohibition on alcohol.

No. 18-11499

Fields swore in his factual resume that he used alcohol and sleeping pills to drug his underage victim. For that reason, Fields cannot demonstrate that the district court made an error, yet alone a "clear and obvious" error, by imposing a special condition prohibiting Fields from using alcohol. *See United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013); *United States v. Mason*, 626 F. App'x. 473, 475 (5th Cir. 2015). We AFFIRM.