# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2021

Lyle W. Cayce
Clerk

No. 19-10885
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

COLVIS JERROD HIGGINS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-86-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Colvis Jerrod Higgins pleaded guilty to possessing a firearm following conviction of a felony offense based on his sale of a handgun to an undercover officer during the course of a drug trafficking investigation. The district court sentenced Higgins to a term of imprisonment of 96 months to be followed by

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10885

a three-year term of supervised release. As a special condition of supervised release, the district court ordered Higgins to participate in treatment for substance dependency, to contribute to the cost of that treatment, and to abstain from the use of alcohol and all other intoxicants during and after treatment. Higgins now argues that the district court's imposition of the special condition constitutes reversible plain error because the district court failed to set forth reasons justifying its imposition, the treatment and abstinence requirements are not reasonably related to the 18 U.S.C. § 3553(a) sentencing factors, and the nature of the error warrants discretionary relief.

District courts "possess broad discretion to impose special conditions of supervised release," subject to the limitations set forth in § 3553(a) and 18 U.S.C. § 3583(d). *United States v. Bree*, 927 F.3d 856, 859 (5th Cir. 2019) (internal quotation marks and citation omitted). Although they must provide factual findings to justify the imposition of a given special condition, this court may affirm in the absence of such findings "where the district court's reasoning can be inferred after an examination of the record." *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (internal quotation marks, citation, and alteration omitted). Review here is for plain error because Higgins did not object to the treatment and abstinence special condition after the district court orally pronounced it. *See United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018). To obtain relief, Higgins must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, this court should exercise its discretion to correct the error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018).

Based on the evidence in the record regarding Higgins' drug use and criminal history, the district court did not plainly err in imposing both the treatment and abstinence requirements. *See United States v. Hinojosa,*

No. 19-10885

956 F.3d 331, 334-35 (5th Cir. 2020); *United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002).  Accordingly, the judgment is AFFIRMED.