# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2021

Lyle W. Cayce
Clerk

No. 19-10683
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JACINTO GUZMAN SANTOS, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-113-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Jacinto Guzman Santos, Jr., was convicted by a jury of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and he was sentenced to 293 months of imprisonment and five years of supervised release. Now on appeal, he

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10683

challenges the denial of a motion to suppress and the imposition of a condition of supervised release.

First, Guzman Santos argues that the district court erred in denying his motion to suppress evidence seized as a result of police officers' entry into a motel room in which he was staying pursuant to an outstanding arrest warrant for him. Reviewing the district court's factual findings for clear error and legal conclusions de novo, *United States v. Daniels*, 930 F.3d 393, 400 (5th Cir. 2019), we affirm the denial of the motion to suppress, *see Payton v. New York*, 445 U.S. 573, 603 (1980); *United States v. Taylor*, 482 F.3d 315, 318 (5th Cir. 2007). We do not read *Steagald v. United States*, 451 U.S. 204 (1981), as compelling a different conclusion.

Second, Guzman Santos argues that the district court erred by imposing, without explanation, a special condition of supervised release requiring him to participate in a narcotic, drug, or alcohol dependency program for which he was required to contribute at least $20 per month. Because Guzman Santos did not object at sentencing, plain error review applies. *See United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018). Based on evidence in the record regarding Guzman Santos's current and past involvement with drugs that allows us to infer the district court's reasoning, there was no reversible plain error. *See United States v. Hinojosa*, 956 F.3d 331, 334-35 (5th Cir. 2020); *Alvarez*, 880 F.3d at 239; *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015).

Accordingly, the district court's judgment is AFFIRMED.