# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 24, 2022

Lyle W. Cayce
Clerk

No. 21-60407

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMURIC MALLARD,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-90-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

In 2018, Jamuric Mallard pleaded guilty to being a felon in possession of a firearm. He was sentenced to 15 months of imprisonment plus three years of supervised release. His term of supervised release commenced on June 14, 2019. Between February 27, 2020, and January 21, 2021, Mallard violated his conditions of supervised release repeatedly, both by testing positive for

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60407

marijuana and by failing to submit to drug testing.  On April 30, 2021, the district court revoked his supervised release. *See* 18 U.S.C. § 3583(g). It sentenced Mallard to one day of imprisonment and 24 months of supervised release.  As a special condition of supervised release, the district court ordered Mallard to reside in a residential reentry center, participate in a community corrections program, and comply with all program rules and regulations for five months.

Mallard appeals, challenging the substantive reasonableness of the supervised release sentence and the special condition of supervised release described above.  In essence, Mallard contends that his term of supervised release and its accompanying special condition were unnecessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

As an initial matter, "we must examine the basis of [our] jurisdiction, on [our] own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam).  "Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc) (internal quotation marks and citation omitted). Following the appeal in this case, on July 29, 2021, the district court revoked the challenged supervised release sentence. It resentenced Mallard to seven months of imprisonment plus 24 months of supervised release.  Because Mallard is no longer serving the 24-month term of supervised release imposed on April 30, 2021, we cannot grant any effectual relief as to the substantive reasonableness of that sentence. *See id.*  However, since Mallard's violation of the challenged special condition resulted in the most recent revocation, he continues to face "collateral consequence[s]" as a

2

No. 21-60407

result of the district court's imposition of that special condition.[1] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Accordingly, we have jurisdiction to review only Mallard's challenge to the special condition of supervised release. *See Heredia-Holguin*, 823 F.3d at 340.

We review for plain error because Mallard failed to object to the special condition in the district court. *See United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018). Under plain-error review, Mallard must show an error that is clear or obvious and that affects his substantial rights. *See id.* If he makes the required showing, we have the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted; alteration in original).

The district court did not explicitly give reasons for ordering Mallard to reside at the residential reentry center and to participate in its programs. However, we may infer the district court's reasons from the record. *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (per curiam). The district court heard defense counsel's argument that imprisonment was inappropriate because Mallard needed mental-health and substance-abuse treatment, and Mallard himself reiterated this need and his desire to receive treatment. Additionally, the district court noted Mallard's mental-health and substance-abuse struggles when imposing other conditions of supervised release.

The presentence report reflected Mallard's employment history, most of which consisted of ventures he undertook with his brother, who died

---

[1] The record reflects that Mallard was released from prison on January 6, 2022. However, he continues to be subject to the district court's supervised-release conditions. Therefore, his release from prison does not otherwise moot his appeal.

3

in 2015. Mallard had been unemployed for about a year before his offense. Further, Mallard's criminal history showed several instances of escape from custody, flight from police, and failure to appear in court. Therefore, the district court may have determined that Mallard needed the supervision of the residential reentry center to maintain employment and receive the mental-health and substance-abuse treatment he professed to need. Additionally, the special condition had a duration of only five months, which indicates that the district court sought to not impose a greater restriction on Mallard's liberty than was reasonably necessary. *Cf. United States v. Duke*, 788 F.3d 392, 401-03 (5th Cir. 2015) (per curiam).

Given the undisputed facts, the district court did not clearly or obviously err. *Cf. Alvarez*, 880 F.3d at 239. We also note that Mallard failed to make any showing on plain error's fourth prong: how the district court's purported error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See Caravayo*, 809 F.3d at 273. Therefore, the district court did not plainly err in imposing the special condition. Accordingly, we AFFIRM in part and DISMISS in part as moot.