# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2022

Lyle W. Cayce
Clerk

No. 21-20498
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

John Albert Garcia,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-536-1

_____

Before Davis, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

John Albert Garcia appeals the sentence imposed following his guilty plea conviction of four counts of possession of stolen mail. Conceding that he did not object in the district court, Garcia argues that the district court reversibly erred in imposing two special conditions of supervised release

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

related to substance abuse treatment and testing. He maintains that this error affected his substantial rights. The Government agrees.

Our review is for plain error. *See United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018). To obtain relief, Garcia must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If he makes such a showing, we have "the discretion to remedy the error[.]" *Id.* (internal quotation marks and citation omitted). Yet, we will only do so "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and alterations omitted).

District courts "possess broad discretion to impose special conditions of supervised release," subject to the limitations set forth at 18 U.S.C. §§ 3553(a) and 3583(d). *United States v. Bree*, 927 F.3d 856, 859 (5th Cir. 2019) (internal quotation marks and citation omitted). The conditions must also be consistent with any relevant policy statement issued by the Sentencing Commission, which, as relevant here, recommends imposing a supervised release condition requiring substance abuse treatment and testing if the court "has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol." U.S.S.G. § 5D1.3(d)(4); *see* § 3583(d)(3). The district court must provide factual findings to justify the imposition of special conditions of supervised release. *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). In the absence of such a justification by the district court, we will independently review the record for sufficient evidence to support the special condition. *Bree*, 927 F.3d at 860. The district court clearly or obviously errs when it imposes a special condition without explanation—whether it be oral explanation at sentencing or explanation found through our review of the record—and the condition is not reasonably related to the statutory factors. *See United States v. Prieto*, 801 F.3d 547, 552-53 (5th Cir. 2015).

At Garcia's sentencing hearing, the district court did not provide factual findings to justify the imposition of the substance abuse conditions. Our review of the record uncovers that, while being investigated for the instant offenses, Garcia possessed suspected marijuana on one occasion, and he possessed a black tar-like substance on another occasion. In addition, although he declined to discuss any history of substance abuse during his presentence interview, Garcia did report his weekly "cannabinoids" use at the time of his arrest. However, there is no evidence of substance abuse treatment in Garcia's past, and he does not have a history of drug related arrests. *Cf. United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002). Further, his instant conviction is not a drug related offense, *cf. United States v. Hinojosa*, 956 F.3d 331, 334-35 (5th Cir. 2020), and there is no evidence that Garcia's offense of conviction was driven by the use of addictive substances, *see Salazar*, 743 F.3d at 452. In light of the foregoing, the record does not make the district court's reasoning surrounding the imposition of the substance abuse conditions so obvious that further explanation was unwarranted.

Accordingly, we REMAND as to the special conditions of supervised release relating to substance abuse treatment and testing so that the district court may provide further explanation for imposing those or, if warranted, conduct further factfinding. We leave the determination of whether to vacate or modify the special conditions to the district court on remand.