# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40370
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Nancy Garcia Toscano,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-1062-1

———————————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellee Nancy Garcia Toscano appeals the sentence she received for possession of methamphetamine with intent to distribute. Toscano asserts that the district court erred by imposing a condition of supervised release requiring mental health treatment because the condition

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

was not reasonably related to her history and characteristics. For the following reasons, we AFFIRM.

We usually review the imposition of a special condition of supervised release for abuse of discretion. *See United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016). However, because Garcia Toscano failed to object to this condition during the district court proceedings, plain error review applies. *See United States v. Huerta*, 994 F.3d 711, 715 (5th Cir. 2021); *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Garcia Toscano must show, inter alia, an error that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Although the record contains no evidence that Garcia Toscano was diagnosed with or treated for a mental health issue, there was other evidence to give the district court a reason to believe she suffered from a mental health condition, *see United States v. Alvarez*, 880 F.3d 236, 240 (5th Cir. 2018). Moreover, there was evidence that reflected "a questionable mental health history." *United States v. Gordon*, 838 F.3d 597, 604 (5th Cir. 2016). The cases Garcia Toscano cites are distinguishable on the facts. To the extent Garcia Toscano relies on the lack of a referral to treatment by the psychiatrist she saw while in custody, there are not enough facts in the record about her encounter with the psychiatrist to support a conclusion that her history did not reflect a need for treatment. For all these reasons, the imposition of a mental-health treatment condition was not clear or obvious error, if error at all. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.