# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2023

Lyle W. Cayce
Clerk

———————————

No. 23-30381
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FELECIA B. WALKER,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-CR-162-2

———————————————————————

Before WILLETT, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Felecia B. Walker pleaded guilty to conspiring to distribute and to possess with the intent to distribute methamphetamine and to possessing a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 and 18 U.S.C. § 924(c)(1). The district court sentenced Walker at the bottom of the advisory guidelines range to 210

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

months of imprisonment for the drug offense; imposed the consecutive 60-month statutory minimum term of imprisonment for the firearm offense; and imposed concurrent five-year terms of supervised release on both counts. Walker challenges only her sentence on appeal, arguing that the district court clearly erred by applying a two-level "drug premises" enhancement under U.S.S.G. § 2D1.1(b)(12), and that the district court plainly erred by imposing a special condition of supervised release requiring that she submit to a mental health assessment and mental-health treatment.

Because Walker challenged the application of the § 2D1.1(b)(12) enhancement on the same grounds that she raises here, we review the district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Muniz*, 803 F.3d 709, 712 (5th Cir. 2015). The application of § 2D1.1(b)(12) is a factual question we review for clear error. *See United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017).

The district court was free to rely on unrebutted facts set forth in the presentence report in making its findings of fact under the Guidelines. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Based on those facts, the district court could have plausibly inferred that the receipt and storage of drugs for distribution was *one* of the primary or principal uses for Walker's residence and was not merely incidental to the use of the residence. *See* U.S.S.G. § 2D1.1, comment. (n.17); *United States v. Galicia*, 983 F.3d 842, 844 (5th Cir. 2020) (explaining that the "primary uses need not be equivalent" and that there is a "low bar for establishing a primary use for a premises"). The fact that Walker also used the premises as a place to live does not require a different result. *See Galicia*, 983 F.3d at 844. Because the district court did not clearly err by applying the two-level sentencing enhancement under § 2D1.1(b)(12) based on Walker's use of her residence,

No. 23-30381

we do not address whether the enhancement was warranted, as well, based on Walker's use of her business premises in the drug-trafficking activity.

For the first time, Walker challenges the special condition of supervised release that she submit to a mental assessment and mental-health treatment. Because she had an opportunity to object to the condition in the district court but failed to do so, our review is for plain error only. *See United States v. Martinez*, 47 F.4th 364, 366 & n.1 (5th Cir. 2022); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court committed no clear or obvious error in imposing the condition. *See Puckett*, 556 U.S. at 135; *United States v. Alvarez*, 880 F.3d 236, 240 (5th Cir. 2018). The presentence report recommended the condition and included information regarding Walker's mental health under the "mental and emotional health" section, to which Walker did not object. That information reflects that the special condition is consistent with the relevant policy statements issued by the Sentencing Commission and is reasonably related to Walker's history and characteristics or the need for treatment. *See id.* U.S.S.G. § 5D1.3(d)(5), p.s.; 18 U.S.C. § 3553(a); 18 U.S.C. § 3583(d)(1).

AFFIRMED.