# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40360

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KELVIN LEWIS BREE,

Defendant–Appellant.

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2019

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINSON and WILLETT, Circuit Judges, and BROWN, District Judge.[*]

DON R. WILLETT, Circuit Judge:

Kelvin Lewis Bree contends that the district court erred in mandating, as a special condition of supervised release, that he participate in a mental-health treatment program "because of [his] substance problems." We agree that the mental-health special condition is unsupported by the record and constitutes reversible plain error. We MODIFY the sentence by striking the mental-health condition and AFFIRM the sentence as modified.

---

[*] District Judge of the Northern District of Mississippi, sitting by designation.

No. 18-40360

I

In October 2017, a Border Patrol agent stopped then-57-year-old Bree at the Sarita checkpoint on the U.S.–Mexico border. The agent's canine companion sniffed out several bundles of marijuana and cocaine hidden beneath a seat in Bree's truck. Bree was promptly charged with two counts of drug possession with intent to distribute. As part of a plea agreement, Bree pleaded guilty to the first count, and the second count was waived by government motion.

Bree's presentence report (PSR) covered his rather extensive criminal history. Under "Mental and Emotional Health," the PSR noted:

> In addition to mental and emotional health problems pertaining to drug and/or alcohol abuse noted in the next paragraph, the defendant reported a suicide attempt. The defendant stated that at approximately age 18 or 19, he was in an unhealthy relationship with the mother of his oldest child and recalled taking more than the prescribed amount of an unknown medication. When asked if he was trying to cause himself harm at the time, the defendant stated that he probably was. Bree went on to say that he was "young and being stupid."

The PSR also reported that Bree began consuming alcohol and experimenting with drugs at age 14. He stopped using marijuana around 1981 and stopped drinking alcohol in 1992. He also used cocaine daily from 1988 until 1998 but quit after participating in a substance abuse program while incarcerated. In a sealed appendix, the PSR recommended "mental health treatment" and "substance abuse treatment."

The district court sentenced Bree to 70 months imprisonment and 4 years supervised release. As part of his supervised release, the court imposed special conditions requiring "mental health treatment because of [Bree's] substance problems, and substance abuse treatment as to in-abstinence." Both special conditions required Bree to participate in and pay for a treatment program, under the supervision of a probation officer. The mental-health

2

No. 18-40360

condition further required Bree to purchase and take any medications prescribed by a physician while being treated. Bree timely appealed, challenging only the mental-health condition.

## II

Because Bree failed to object to his sentence in the trial court, we review for plain error.[1] To prevail, Bree must demonstrate that (1) the district court erred, (2) the error was plain, (3) the plain error affected his substantial rights, and (4) allowing the plain error to stand would "seriously affect the fairness, integrity, or public reputation of judicial proceedings."[2] Clearing the plain-error hurdle is "difficult, as it should be."[3] But Bree does so here.

## A

Sentencing courts possess "broad discretion to impose special conditions of supervised release."[4] This discretion, though, is limited by two laws.

First, under 18 U.S.C. § 3583(d), special conditions must be "reasonably related" to one of the following four factors, found in 18 U.S.C. § 3553(a):

> (1) the nature and characteristics of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; and (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Second, a special condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to advance the last three § 3553(a) factors and must be "consistent with any pertinent policy statements issued by the

---

[1] *United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018) (per curiam).

[2] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (cleaned up).

[3] *Id.*

[4] *Alvarez*, 880 F.3d at 239.

No. 18-40360

Sentencing Commission."[5] The Commission has recognized that imposing a special condition requiring mental-health treatment is appropriate when "the court has reason to believe that the defendant is in need of psychological or psychiatric treatment."[6]

We begin with the district court's stated reasons. Section 3553(a) requires a sentencing court to "state in open court the reasons for its imposition of the particular sentence."[7] Four years ago in *United States v. Caravayo*, we clarified that these reasons must be in the form of a "factual finding or otherwise evident from the record."[8] And they must show that the special condition is "tailored to the individual defendant."[9] If not, then we usually recognize plain error and vacate the contested condition.[10] And if the court doesn't provide reasons. or if its reasons are unclear, we may independently review the record for evidence that could justify a special condition.[11]

The district court pointed to Bree's "substance problems" to justify the mental-health treatment condition." We start by evaluating this reason under § 3553(c).

By itself, a history of substance abuse doesn't justify imposing a mental-health condition under § 3553(a). As we explained recently in *United States v. Gordon*, a mental-health special condition should not be imposed absent "record evidence indicating that [the defendant] has a questionable mental health history or a particular diagnosis requiring mental health treatment."[12] Basing such a condition on "substance problems" would not be "tailored," but

---

[5] 18 U.S.C. § 3583(d)(2), (d)(3).

[6] U.S.S.G. § 5D1.3(d)(5).

[7] 18 U.S.C. § 3553(c).

[8] 809 F.3d 269, 276 (5th Cir. 2015).

[9] *Id.*

[10] *Id.*; *see also Alvarez*, 880 F.3d at 240.

[11] *See United States v. Salazar*, 743 F.3d 445, 451-53 (5th Cir. 2014).

[12] 838 F.3d 597, 604 (5th Cir. 2016); *see also Alvarez*, 880 F.3d at 240–41.

ill-fitting.[13] The district court's stated reason doesn't show why the mental-health condition was "reasonably necessary" to deter crime, protect the public, or provide needed treatment.[14] The trial court already imposed a special condition of substance-abuse counseling for Bree's "in-abstinence." This is a better way to address Bree's "substance problems."

Because the district court's stated reasoning was scant, we independently review the record for sufficient evidence to support a mental-health special condition. After all, the mere possibility that the court could have imposed a less restrictive alternative based on its stated reasoning "is not necessarily fatal" to a special condition.[15] Rather, the condition should appear reasonably necessary based on record evidence.[16]

But this record cannot redeem the district court's decision. The PSR never stated that Bree had previously been diagnosed with a mental disorder.[17] And a suicide attempt 40 years before Bree's offense doesn't satisfy *Gordon*'s history-of-mental-problems standard.[18]

The Government suggests that when Bree lost his job he may have fallen into depression; if so, he'd need mental-health treatment. This doesn't sway us. Our precedent requires specific record facts demonstrating mental instability before a mental-health special condition may be imposed.[19] Unadorned speculation isn't enough.

---

[13] *Caravayo*, 809 F.3d at 276.

[14] 18 U.S.C. § 3583(d)(2).

[15] *Caravayo*, 809 F.3d at 276.

[16] *Id.*

[17] *See Gordon*, 838 F.3d at 604.

[18] *Id.* Even the unpublished outer limits of our jurisprudence require some discernible trend of mental imbalance to warrant imposing a mental-health condition. *United States v. Rocha*, 732 F. App'x 291, 296 (5th Cir. 2018) (holding record testimony of defendant's mentally suspect activity sufficient for a mental-health condition).

[19] *Gordon*, 838 F.3d at 604.

No. 18-40360

The Government also tries to establish a parallel between the probation officer's PSR notes about Bree's criminal history and the plaintiff's alleged mental lapses in our unpublished 2018 case, *United States v. Rocha*.[20] Yet the PSR does not base its mental-health-treatment recommendation on Bree's past crimes. In any event, the probation officer's recommendation is not a specific record fact, but a conclusion drawn from the facts. And the officer's conclusion doesn't jibe with *Gordon*'s clear requirement of an evinced pattern of "a questionable mental health history or a particular diagnosis requiring mental health treatment."[21]

Absent additional evidence that Bree's mental state is weakened, the mental-health condition is overly burdensome and runs afoul of § 3583(d)(2)'s prohibition against unduly restrictive special conditions. The district court plainly erred.

B

We next consider whether the district court's plain error affected Bree's substantial rights. The challenged condition required Bree to "pay the cost" for any mental-health treatment. Bree's participation in a court-ordered mental-health program also "may require a significant commitment of time" and "creates a possibly unwarranted perception that [he] requires mental health treatment."[22] The district court's error encroached unreasonably on Bree's time and financial resources, and possibly harmed his reputation.

The Government argues that Bree probably wouldn't end up paying for mental-health treatment anyway since he's a man of meager means. We do not share the Government's nonchalance. Whatever money Bree has, it is his. Nor

---

[20] 732 F. App'x at 292.
[21] 838 F.3d at 604.
[22] *Alvarez*, 880 F.3d at 241.

6

No. 18-40360

does the Government adequately rebut the violation of Bree's other substantial rights.

C

Even if a sentencing court's plain error affects a defendant's substantial rights, we will only exercise our discretion to correct the error if it seriously harms "the fairness, integrity, or public reputation of judicial proceedings."[23] Initially, this seems like a close call. After all, we didn't vacate the mental-health conditions in *United States v. Mendoza-Valasquez*, explaining that the defendant has "an extensive criminal history," and the district court can modify the condition later.[24]

But *Mendoza-Velszquez* is distinguishable from Bree's situation. First, *Mendoza-Velasquez* was decided under the now-overruled "shocks the conscience" standard that we previously (and incorrectly) used as shorthand for the fourth plain-error prong.[25] Second, the Supreme Court recently ruled in *Rosales-Mirales* that criminal history simply isn't relevant to that prong.[26] Third, we held in *Alvarez* that "the ability . . . to modify a special condition is only one factor considered as we determine whether to exercise our discretion."[27] In other cases where the district court has imposed a plainly erroneous mental-health condition, we exercised our discretion to strike the contested condition simply because it touched on "significant autonomy and privacy concerns."[28] Those concerns are front and center in Bree's case.

---

[23] *Puckett*, 556 U.S. at 135.

[24] 847 F.3d 209, 213 (5th Cir. 2017).

[25] *See id.*; *see also Rosales-Mirales v. United States*, 138 S. Ct. 1897, 1906–07 (2018).

[26] *Rosales-Mirales*, 138 S. Ct. at 1910 n.5.

[27] *Alvarez*, 880 F.3d at 242.

[28] *See id.*; *see also Gordon*, 838 F.3d at 605.

No. 18-40360

## III

The district court committed plain error. But because Bree's challenge is limited to a single special condition of his sentence, we decline to remand for resentencing. In similar situations, we have instead modified the district court's sentence and affirmed the sentence as modified.[29] We do the same here.

The judgment of sentence is MODIFIED by striking the mental-health special condition. In all other respects, the judgment is AFFIRMED.

---

[29] *E.g.*, *United States v. De Jesus-Batres*, 410 F.3d 154, 166 (5th Cir. 2005); *United States v. Fields*, 247 F.3d 240, 240 (5th Cir. 2001) (per curiam).