# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2021

Lyle W. Cayce
Clerk

No. 21-20075
Summary Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AXEL CAMACHO,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-441-1

---

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Axel Camacho pleaded guilty to aiding and abetting interference with commerce by robbery and aiding and abetting brandishing a firearm during a crime of violence, stemming from his participation in a robbery of a Domino's Pizza store in Houston, Texas. The district court sentenced him to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

consecutive 37-month and 84-month terms of imprisonment, concurrent three-year and five-year terms of supervised release, and payment of $135 in restitution and a $200 special assessment.

Raising two sentencing issues on appeal, Camacho first argues that the district court erred when it applied a four-level enhancement under U.S.S.G. § 2B3.1(b)(4)(A) based on its determination that a Domino's employee was moved to a different location within the store to facilitate commission of the robbery.    He argues that forcing the victim to move around a food-preparation table in a "single large, open-concept room" does not qualify as "abduction" because the victim was not moved to a different location.  We review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United States v. Jefferson*, 258 F.3d 405, 412 (5th Cir. 2001).

As we have observed, "in ordinary parlance 'location' is frequently used in reference to a single point where a person is standing, or to one among several rooms in the same structure, or to different floors in the same building."  *United States v. Hawkins*, 87 F.3d 722, 727 (5th Cir. 1996). Moreover, we have instructed that "different location" should be interpreted "flexibly" and "on a case by case basis." *United States v. Johnson*, 619 F.3d 469, 470 (5th Cir. 2010); *see also Jefferson*, 258 F.3d at 412 (affirming the enhancement when a carjacking victim escaped from a car shortly after it started moving).  Camacho and an armed codefendant made the victim move from behind a tall, wide, food-preparation table to the front service area of the store and then made her open a safe underneath the counter.  The district court did not err when it applied § 2B3.1(b)(4)(A)'s four-level enhancement.

Next, conceding that he did not object in the district court, Camacho argues that the district court plainly erred by including two conditions of his

supervised release related to substance abuse. He is correct that our consideration is limited to review for plain error. *See United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018). We will correct a plain error only if (1) there was an error; (2) the error was clear or obvious; (3) the appellant's substantial rights were affected by the error; and (4) exercising the court's discretion to correct the error is warranted because the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Diaz*, 989 F.3d 390, 392-93 (5th Cir. 2021), *cert. denied*, 2021 WL 4733523 (Oct. 12, 2021) (No. 21-5484).

District courts "possess broad discretion to impose special conditions of supervised release," subject to the limitations set forth at 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(d). *United States v. Bree*, 927 F.3d 856, 859 (5th Cir. 2019) (internal quotation marks and citation omitted). Nevertheless, "[s]pecial conditions must be tailored to the individual defendant, not imposed as a matter of course." *United States v. Vigil*, 989 F.3d 406, 411 (5th Cir. 2021) (internal quotation marks and citation omitted).

Further, the conditions must be "reasonably related" to at least one of the following factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "afford[ing] adequate deterrence to criminal conduct"; (3) "protect[ing] the public from further crimes of the defendant"; and (4) "provid[ing] the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Bree*, 927 F.3d at 859-60 (quoting § 3553(a)(1), (2)(B)-(D)). They also must be consistent with any relevant policy statement issued by the Sentencing Commission, which, as relevant here, recommends imposing a supervised release condition requiring substance abuse treatment and drug testing if the court "has reason to believe that the defendant is an abuser of narcotics, other controlled substances, or alcohol." U.S.S.G. § 5D1.3(d)(4); *see also Bree*, 927 F.3d at 860. The special

conditions under § 5D1.3(d)(4) are recommended "only when the court 'believe[s] that the defendant is an *abuser* of narcotics, other controlled substances or alcohol,' not merely when a defendant has ever *used* drugs or alcohol." *Vigil*, 989 F.3d at 411.

A district court must provide factual findings to justify the imposition of special conditions of supervised release. *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014). When factual findings are absent, we "may nevertheless affirm a special condition where the district court's reasoning can be inferred after an examination of the record." *United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015) (internal quotation marks, citation, and alteration omitted). The district court plainly errs when it fails to explain the reasoning for imposing a special condition and the special condition is not reasonably related to the statutory factors. *United States v. Prieto*, 801 F.3d 547, 553 (5th Cir. 2015).

Although there is evidence in the record of that the defendant used marijuana, the district court did not provide reasons for imposing the special conditions. Moreover, the record suggests that the district court may not have believed Camacho was an abuser of drugs, as it agreed with him at sentencing that recommending his being placed in a facility with a substance abuse program was not appropriate based on "just occasional marijuana use." Thus, the record does not make it so obvious that further explanation was unwarranted.

In light of the foregoing, we AFFIRM, the judgment of the district court as to § 2B3.1(b)(4)(A). Additionally, we REMAND as to the special conditions of supervised release relating to substance abuse so that the district court may provide further explanation for imposing those or, if warranted, conduct further factfinding. We leave the determination of

No. 21-20075

whether to vacate or modify the special conditions to the district court on remand.