# United States Court of Appeals for the Fifth Circuit

---

No. 21-10752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2022

Lyle W. Cayce
Clerk

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Michael Fairley,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-357-1

---

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Christopher Michael Fairley pleaded guilty to using or possessing a fraudulent immigration document, namely a passport card. The district court sentenced him to 23 months of imprisonment and two years of supervised release. Fairley timely appealed.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10752

In his sole appellate issue, Fairley challenges the supervised release condition that he provide to his probation officer "any requested financial information." He argues that the condition should not have been imposed because his judgment of conviction did not order any financial obligation. Review is for plain error because, although Fairley challenged the condition in the district court, he did so on other grounds. *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).

In sentencing Fairley, the district court tied the financial-disclosure condition to relevant sentencing factors and carefully considered the need to impose no greater deprivation of liberty than was necessary to account for them. *See* 18 U.S.C. § 3583(d)(1)-(2); 18 U.S.C. § 3553(a)(1), (a)(2)(C). Moreover, the condition is not inconsistent with the language used in the policy statement found at U.S.S.G. § 5D1.3(d)(3). *See* § 3583(d)(3); § 5D1.3(d)(3), p.s.

On this record, we are not persuaded that the district court clearly or obviously abused its discretion in imposing the financial-disclosure condition. *See* § 3583(d); § 5D1.3(d)(3), p.s.; *United States v. Bree*, 927 F.3d 856, 859-60 (5th Cir. 2019). Fairley's reliance on *United States v. Stafford*, 983 F.2d 25 (5th Cir. 1993), is misplaced and fails to demonstrate plain error. *See Bree*, 927 F.3d at 859.

AFFIRMED.