# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10295
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Arkon Caldwell,

*Defendant—Appellant*,

consolidated with

_____

No. 23-10296

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Arkon Christopher Caldwell,

*Defendant—Appellant*.

No. 23-10295
c/w No. 23-10296

———————————————————

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 2:22-CR-96-1, 2:22-CR-103-1

———————————————————

Before JONES, SOUTHWICK, and HO, *Circuit Judges*.

PER CURIAM:[*]

Arkon Caldwell pleaded guilty to failing to register as a sex offender. For this conviction, the district court sentenced him to 16 months of imprisonment, to be followed by 10 years of supervised release. It also imposed a six-month term of imprisonment upon revocation of a previously imposed term of supervised release.

Caldwell has failed to brief, and thus abandoned, any argument regarding the revocation case. *See United States v. Buendia*, 73 F.4th 336, 338 n.1 (5th Cir. 2023), *petition for cert. filed* (U.S. Oct. 10, 2023) (No. 23-5788). However, Caldwell challenges his sentence for failure to register as a sex offender on several grounds.

First, he argues that the district court plainly erred in failing to adequately explain its imposition of an above-guidelines term of supervised release. Contrary to Caldwell's arguments, the record reflects that the district court had the correct guidelines range in mind at sentencing but intended to impose an upward variance on the term of supervised release; thus, Caldwell's arguments fail to establish an effect on his substantial rights. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

———————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-10295
c/w No. 23-10296

Next, Caldwell challenges the conditions of his supervised release requiring mental-health and sex-offender treatment. Both conditions are reasonably related to the relevant statutory factors and are supported by the record, particularly Caldwell's (1) prior mental-health diagnosis and use of medication and (2) prior child sex offense and his repeated attempts in the instant case to defy the registration requirement, which, we have recognized, implicate a greater likelihood of recidivism. *See United States v. Miller*, 665 F.3d 114, 126 (5th Cir. 2011); *United States v. Bree*, 927 F.3d 856, 860-61 (5th Cir. 2019); *United States v. Fields*, 777 F.3d 799, 803-04 (5th Cir. 2015). We reject Caldwell's argument, raised for the first time on appeal, that the sex-offender-treatment condition is not narrowly tailored, as the district court's chief concern in imposing that condition was Caldwell's risk of recidivism, not the need for polygraph testing. *See Miller*, 665 F.3d at 134; *Fields*, 777 F.3d at 804.

AFFIRMED.