# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2024

Lyle W. Cayce
Clerk

No. 23-20084
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KASAVION DICKSON,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-11-1

_____

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Kasavion Dickson was sentenced, *inter alia*, to 157-months' imprisonment and five years of supervised release, based on his pleading guilty to: aiding and abetting interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a); and, brandishing and discharging a firearm

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

Dickson contends the district court violated 18 U.S.C. § 3583(d) by imposing supervised-release conditions mandating Dickson: provide the probation officer with requested financial information, and not incur new credit charges or open additional lines of credit without the probation officer's approval. Dickson maintains the conditions: are inconsistent with the Sentencing Guidelines' policy statements; lack any reasonable relationship to the 18 U.S.C. § 3553(a) sentencing factors; and deprive him of more liberty than necessary to serve those factors. *See* 18 U.S.C. § 3583(d)(1)–(3) (outlining requirements for conditions); Guideline § 5D1.3(d) (outlining "special" conditions that "are recommended in the circumstances described and, in addition, *may otherwise be appropriate* in particular cases" (emphasis added)).

"Abuse-of-discretion review typically applies to conditions of supervised release, but plain-error review applies if the defendant fails to object in the district court." *United States v. Scott*, 821 F.3d 562, 570 (5th Cir. 2016). The parties contest whether Dickson preserved his two contentions adequately.

At sentencing, Dickson asked the court to consider removing the new-credit condition because no restitution had been ordered. That brief "objection" was "insufficient to notify the . . . court of a § 3583(d) challenge [to the new-credit condition] so that the . . . court [could] correct itself and . . . obviate the need for our review". *United States v. Caravayo*, 809 F.3d 269, 273 n.1 (5th Cir. 2015) (second and third alterations in original) (citation omitted). Dickson's request also did not alert the court to any error involving the separate financial-information condition. *See United States v. Hernandez-Montes*, 831 F.3d 284, 290 (5th Cir. 2016) ("[T]he basis for objection

presented below [must give] the district court the opportunity to address the gravamen of the argument presented on appeal". (second alteration in original) (citation omitted)).   Accordingly, review of the challenged conditions is only for plain error. *See Caravayo*, 809 F.3d at 272–73.

Under that standard, Dickson must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Although "the district court's stated reasoning [for imposing the conditions] was scant, we independently review the record for sufficient evidence to support" the conditions. *United States v. Bree*, 927 F.3d 856, 860 (5th Cir. 2019); *see also United States v. Iverson*, 874 F.3d 855, 861 (5th Cir. 2017) ("We can nonetheless uphold them if the justification can be inferred from the record.").

Both conditions are reasonably related to several of the listed 18 U.S.C. § 3553 factors, particularly the nature of Dickson's offense (robbery) and his history, including burglary and using counterfeit bills. *See* 18 U.S.C. § 3553(a)(1); *United States v. Weatherton*, 567 F.3d 149, 152–54 (5th Cir. 2009) (rejecting defendant's special-conditions contention under plain-error review).  The conditions are also reasonably related to protecting the public and deterring criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B), (C); *United States v. Vega*, No. 13-40681, 2014 WL 10937081, at *2 (5th Cir. Sept. 15, 2014) (permitting financial-information condition in drug-dealing context because it allows the probation officer "to detect if [defendant] begins to obtain funds illegally, thereby deterring further criminal conduct and protecting the public").

No. 23-20084

Further, the conditions are not more restrictive than necessary because the financial-access condition applies only to requested financial information, and the new-credit condition allows Dickson to incur new credit charges or open additional lines of credit with the approval of the probation officer. *See Vega*, 2014 WL 10937081, at *2; *cf. United States v. Rodriguez*, 558 F.3d 408, 416 (5th Cir. 2009) (concluding the "restriction is not absolute" where the probation officer could consent to the activity).

Finally, the conditions are not inconsistent with the Guidelines' policy statement. *See* Guideline § 5D1.3(d) (outlining "special" conditions that "*may otherwise be appropriate* in particular cases" (emphasis added)).

In sum, Dickson has not shown the requisite clear-or-obvious error. *See Caravayo*, 809 F.3d at 272–73.

AFFIRMED.