# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50822
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCISCO JAVIER CHAVARRIA-DE LOS REYES,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-209-1

———————————————————————

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Francisco Javier Chavarria-De Los Reyes challenges his discretionary, no-contact condition of supervised release, imposed at sentencing following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. He contends that the condition is unexplained and unsupported by the

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

record, vague, and contrary to 18 U.S.C. § 3583(d) (factors limiting court's discretion in imposing conditions of supervised release).

Chavarria (as he correctly concedes) did not object in district court to this discretionary condition. Because he did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Diggles*, 957 F.3d 551, 559–61 (5th Cir. 2020) (en banc). Under that standard, Chavarria must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings". *Id.* (citations omitted).

Although the district court has broad discretion in imposing the conditions of supervised release, they "must be reasonably related to one of the four statutory factors in 18 U.S.C. § 3553(a)" (such as protecting the public or deterring crime). *United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018) (citations omitted). Additionally, "[a] special condition cannot involve a greater deprivation of liberty than is reasonably necessary". *Id.* at 240 (quoting § 3583(d)(2)). Generally, a district court must provide factual findings at sentencing to justify discretionary release conditions, as is at-issue here, but our court may nevertheless affirm the condition "if we can infer the district court's reasoning after an examination of the record". *Id.* If the reasoning remains unclear after a review of the record, however, the error is plain. *Id.* at 241.

Chavarria asserts that the condition restricting his contact with an unnamed victim amounts to plain error because the court failed to explain it, and the record does not clarify the condition's purpose. In doing so, he contends that the instant illegal-reentry offense has no identifiable victim and

that, although the presentence investigation report (PSR) identifies three temporally distant instances of criminal conduct that could involve victims, there is no evidence of a conflict between himself and anyone he previously victimized.

In relevant part, the PSR, which the court adopted at sentencing, describes two prior convictions—criminal trespass (misdemeanor) and burglary of a habitation (felony)—and one prior arrest for sexual assault of a child (no indictment).  Consequently, Chavarria asserts that, because the identity of the victim who is the subject of the no-contact order is unknown and indiscernible from the record, our court cannot evaluate if and why the condition is appropriate under the relevant statutory factors.

Even if we assume Chavarria has demonstrated the requisite clear or obvious error that affected his substantial rights, he "faces an uphill battle . . . to convince us that a modifiable condition seriously affects the fairness, integrity or public reputation of judicial proceedings".  *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015) (explaining "a modifiable condition . . . works a less significant deprivation of liberty than one which cannot be altered").  In contrast to the limited number of cases in which our court has exercised its discretion to correct a plain error involving a modifiable condition, the condition at-issue in this instance does not touch on "significant autonomy and privacy concerns".  *E.g.*, *United States v. Bree*, 927 F.3d 856, 862 (5th Cir. 2019) (special condition requiring defendant to participate in and pay for mental health treatment was not reasonably related to underlying charge); *Alvarez*, 880 F.3d at 239–42 (holding same).  The most expansive reading of the special condition would prohibit Chavarria from contacting the three potential victims described *supra*, which does not obviously implicate privacy or autonomy, social standing, or personal finances to the same extent as the conditions at-issue in *Bree*, 927 F.3d at 862, and *Alvarez*, 880 F.3d at 239–42.  Further, the Government's conclusion that

No. 23-50822

the condition is based on Chavarria's arrest for sexual assault of a child is plausible.  Accordingly, we decline under the final prong of plain-error review to exercise our discretion to correct the assumed reversible plain error.  *See Prieto*, 801 F.3d at 554.

AFFIRMED.