# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60669
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Dylan Cole Bloodsworth,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:20-CR-30-1

———————————————————

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Dylan Cole Bloodsworth was convicted in 2011 for sexual abuse of a child and enticement, in violation of 18 U.S.C. §§ 2243(a), 2422(b). He was released on supervision in January 2020. His supervision was revoked after he violated its terms, and he was sentenced in March 2021 to additional imprisonment. He was again released on supervision in July 2022.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60669

Revocation proceedings commenced once more in November 2022, and Bloodsworth admitted the allegations in the revocation petition.

He appeals the 24-month aggregate term of imprisonment imposed upon that second revocation, maintaining the above-policy-statement sentence was substantively unreasonable because the district court treated the seriousness of his underlying offense and need for rehabilitation as dominant factors in determining the length of his sentence. He further claims the special condition of supervised release requiring his participation in a community-corrections program is not reasonably related to the 18 U.S.C. § 3553(a) sentencing factors.

We assume, without deciding, that Bloodsworth's substantive-reasonableness challenge was preserved. Accordingly, we review his sentence to determine whether it is "plainly unreasonable". *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). A revocation sentence is plainly unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (citation omitted).

When imposing a revocation sentence, the court may not consider the factors set forth in § 3553(a)(2)(A), including the need for the sentence to reflect the seriousness of the offense. 18 U.S.C. § 3583(e); *Cano*, 981 F.3d at 425–26. Nor should it consider the need to promote an offender's rehabilitation. *Tapia v. United States*, 564 U.S. 319, 321, 334–35 (2011); *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). A court's considering an improper factor, however, does not automatically require reversal. Rather, "a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not

when it is merely a secondary concern or an additional justification for the sentence". *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

The district court considered the nature and circumstances of Bloodsworth's offense and revocation violations and expressly stated it imposed the 24-month sentence to deter criminal conduct and protect the public, both permissible considerations. *See* § 3583(e); § 3553(a)(2)(B), (C). Although in making these findings the court referenced the facts of the underlying offense and noted Bloodsworth failed to avail himself of opportunities to obtain needed treatment, the record does not reflect the court based the sentence on the seriousness of the offense or Bloodsworth's rehabilitative needs, much less that either consideration was a dominant factor in determining the sentence. *See United States v. Sanchez*, 900 F.3d 678, 683–85 (5th Cir. 2018); *Rivera*, 784 F.3d at 1017; *Walker*, 742 F.3d at 616. Bloodsworth fails to show his sentence was plainly unreasonable. *See Miller*, 634 F.3d at 843.

Bloodsworth's challenge to the community-corrections special condition is reviewed only for plain error because he did not object to the condition when the court orally pronounced it, *see United States v. Alvarez*, 880 F.3d 236, 239 (5th Cir. 2018), and his contentions in district court failed to "reasonably inform[]" it of the legal error he asserts on appeal, *United States v. Zarco-Beiza*, 24 F.4th 477, 482 (5th Cir. 2022) (citation omitted).

Under § 3583(d), conditions of supervised release must be "reasonably related" to one of the appropriate factors set forth in § 3553(a). § 3583(d)(1); *see* § 3553(a)(1), (a)(2)(B)–(D). The court errs by imposing a special condition without explaining its reasons where there is no evidence in the record supporting the need for the condition. *See, e.g., Alvarez*, 880 F.3d at 239; *United States v. Caravayo*, 809 F.3d 269, 274–75 (5th Cir. 2015).

The court explained that it imposed the community-corrections condition to afford Bloodsworth "the opportunity to reside in a stable and drug-free environment with the opportunity for steady employment and intensive supervision as a transition from incarceration to his term of supervision in the community". Contrary to Bloodsworth's assertions, his history of substance abuse and his difficulty securing long-term employment during a prior period of supervision supported the court's reasoning. Moreover, Bloodsworth's behavior during his release period demonstrated he: had difficulty complying with his supervised release conditions; and could pose a danger to society. Further, Bloodsworth and his counsel stressed to the court he needed counseling and therapy; and there is no indication the community-corrections program would be unable to facilitate such treatment. Bloodsworth fails to show that the imposition of the community-corrections special condition was, under the plain-error standard of review, a requisite clear-or-obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Daniel*, 933 F.3d 370, 383–84 (5th Cir. 2019).

AFFIRMED.